Argued January 20, affirmed February 1, 1916.

## JACOBS *v.* JACOBS.

(154 Pac. 749.)

**Divorce—Service of Process on District Attorney Waived by Appearing.**

1. In a suit for divorce the district attorney was not served with summons as required by Section 1020, L. O. L., as amended by Laws of 1911, page 127, but in the findings made and signed by the trial judge the appearance of the district attorney is noted. In the absence of any record to the contrary, such recital is conclusive, and constitutes a waiver of the provisions of the statute requiring the state to be made a party to any suit to dissolve the marriage contract, as well as a waiver of service of summons upon such district attorney.

Divorce—Jurisdiction to Render Judgment for Maintenance of Children.

2. In a suit for the dissolution of the marriage contract, as the same is not for the recovery of money only, all that is necessary to recite in the summons is "that if the defendant fails to answer the complaint, the plaintiff will apply to the court for the relief demanded therein:" Section 53, subd. 2, L. O. L. Where the summons in a suit for divorce referring to the relief prayed for stated: "If you fail to appear and answer said complaint as hereby required, the plaintiff will apply to the above entitled court for the relief prayed for therein, to wit, a decree of divorce, and such other and further relief as is prayed for in her complaint," *held* that the summons served was sufficient to give the court jurisdiction to render a money judgment for the maintenance of the minor children of the parties and for permanent alimony for plaintiff.

[As to power of court in divorce suit to provide for custody or support of children in absence of prayer for such relief, see note in Ann. Cas. 1914D, 753.]

From Linn: Percy R. Kelly, Judge.

Department 2. Statement by Mr. Justice Benson.

This is a suit for divorce by Mary Jacobs against John Jacobs, in which a decree was rendered in favor of plaintiff, and defendant appeals.        Affirmed.

For appellant there was a brief over the name of *Messrs. Weatherford & Weatherford,* with an oral argument by *Mr. Mark V. Weatherford.*

For respondent there was a brief with oral arguments by *Mr. William S. Risley, Mr. John J. Whitney* and *Mr. William R. Bilyeu.*

Mr. Justice Benson delivered the opinion of the court.

1. There are but two assignments of error which involve questions of law. The first of these is that the district attorney was never served with copies of the summons or complaint, and that therefore the court was without jurisdiction to hear and determine the case. It was conceded, upon argument, that no service

had been made upon the district attorney; but, in the findings of fact and conclusions of law signed by the judge of the trial court, the following recitals appear:

"The above-entitled cause having been tried before the above-entitled court on the 9th, 10th and 11th days of November, 1914, at which trial the plaintiff appeared by Messrs. J. J. Whitney, W. S. Risley, and W. R. Bilyeu, her attorneys herein, as well as in her own proper person, and defendant appeared by Messrs. J. K. Weatherford and M. V. Weatherford, his attorneys herein, as well as in his own proper person, and the State of Oregon appeared by Hon. G. S. Hill, district attorney, and upon the evidence having been given in behalf of both parties plaintiff and defendant, oral argument being waived, and it being agreed that briefs should thereafter be submitted to the court, which said briefs have been submitted, and the court being fully advised hereby makes and renders the following findings of fact and conclusions of law."

In the absence of any record to the contrary, this recital of the appearance of the district attorney is conclusive, and under the provisions of Section 1020, L. O. L., as amended in the Laws of 1911, page 127, constitutes a waiver of the service upon him of the summons and complaint.

2. The next assignment of error contends that the court had no jurisdiction to enter a money judgment for maintenance and education of the minor children or for permanent alimony for the plaintiff, because neither of these are mentioned or referred to in the summons. The summons, so far as it refers to the relief asked, is as follows:

"If you fail to appear and answer said complaint as hereby required, the plaintiff will apply to the above-entitled court for the relief prayed for therein, to wit, a decree of divorce, and such other and further relief as is prayed for in her complaint on file therein."

79 Or.—10

As a suit for divorce is not for the recovery of money only, all that is necessary to recite in the summons is "that if the defendant fail to answer the complaint the plaintiff will apply to the court for the relief demanded therein": Section 53, L. O. L. It follows that there is no merit in this assignment.

The other questions raised upon the argument and in the briefs have to do with the evidence and the findings deduced therefrom. The transcript of the testimony is quite voluminous and much of it unfit for publication, and no good purpose would be served by reproducing any of it here. It is sufficient to say that a careful examination of all the evidence convinces us that the trial court was correct in its findings and conclusions, and that the decree is a proper one. It is therefore affirmed.            Affirmed.

Mr. Chief Justice Moore, Mr. Justice Bean and Mr. Justice Harris concur.