Argued February 9, modified February 15, rehearing denied March 14, motion to recall mandate denied April 11, 1916.

## CRIM *v.* CRIM.

(155 Pac. 175; 155 Pac. 1176.)

**Appearance—Actions—Parties—Sufficiency.**

1. Where the record showed that "the State of Oregon appeared by and through its attorney," and that "the district attorney appeared in person," it was sufficient to show compliance with Section 1020, L. O. L., as amended by Laws of 1911, page 126, requiring that in all suits for divorce the state shall be a party defendant, and trial shall not be had in the absence of the district attorney.

**Divorce—Allowance to Wife—Suit Money—Attorney's Fees—Time of Allowance.**

2. Where the complaint in a suit for divorce alleging that $100 was a reasonable attorney's fee, but no application was made for suit money, nor order requiring its payment made before the decree, an allowance for attorney's fees in the final decree was improper, under Section 512, L. O. L., providing for allowance of such fees before decree, and it was not authorized by Section 513, permitting in the final decree a requirement that the party in fault contribute to the maintenance of the other.

     [As to allowance of permanent alimony after divorce decree, see note in Ann. Cas. 1915D, 1064.]

**Appeal and Error—Scope of Review—Preservation of Exceptions.**

3. The court, on hearing of a motion to recall the mandate requiring judgment for support of a minor son by the defendant in divorce proceeding, will not consider the propriety of the award where no objection to the granting on maintenance was theretofore made.

**Appeal and Error—Mandate—Recall—When Granted.**

4. The court will not recall its mandate requiring judgment for the support of a minor son, on the theory that he was still a minor, upon a mere affidavit and letter purporting to show that he had attained majority, but the matter should be remitted to the trial court for its determination.

From Clackamas: JAMES U. CAMPBELL, Judge.

Department 2.      Statement by MR. JUSTICE HARRIS.

Jessie E. Crim commenced a suit against John L. Crim to dissolve the marriage contract, resulting in a decree granting the plaintiff a divorce, with other relief, and also "that the plaintiff have and recover

from the defendant the sum of $50 attorney's fee."
The defendant appeals. MODIFIED.

For appellant there was a brief over the name of
*Messrs. Kimball & Ringo,* with an oral argument by
*Mr. Ernest R. Ringo.*

For respondent there was a brief and an oral argu-
ment by *Mr. John Ditchburn.*

MR. JUSTICE HARRIS delivered the opinion of the
court.

1. The record shows that "the State of Oregon ap-
peared by and through its attorney, Gilbert L.
Hedges," and that "Gilbert L. Hedges, the district at-
torney for the county of Clackamas, appeared in per-
son." The appearance of the district attorney was
sufficient to meet the requirements of Section 1020,
L. O. L., as amended by Chapter 86 of Laws of 1911:
*Jacobs* v. *Jacobs,* 79 Or. 143 (154 Pac. 749).

2. The complaint alleges that $100 "is a reasonable
sum to be allowed as attorney's fees herein." No ap-
plication was made for suit money, except the allega-
tion quoted from the complaint. No order requiring
the payment of suit money was made at any time before
the decree. Section 512, L. O. L., provides that:

"After the commencement of a suit, and before a
decree therein, the court or judge thereof may, in its
discretion, provide by order as follows: 1. That the
husband pay, or secure to be paid, to the clerk of the
court, such an amount of money as may be necessary
to enable the wife to prosecute or defend the suit, as
the case may be."

Section 513, L. O. L., permits the court, when render-
ing a final decree, to require the party in fault to con-

tribute to the maintenance of the other; but there is no statutory authority for allowing suit money in the final decree. Section 512 contemplates that the application and the order allowing suit money should be made "before a decree." The court was without authority to decree that the plaintiff "recover from the defendant the sum of $50 attorney's fee," when no order had been made, before a decree, directing the payment of suit money: *Taylor* v. *Taylor,* 70 Or. 510 (134 Pac. 1183, 140 Pac. 999); *Jones* v. *Jones,* 59 Or. 308, 314 (117 Pac. 414). On the entire record presented by the appeal we are of the opinion that the trial court properly granted the plaintiff a decree of divorce.

The decree will be modified, however, by disallowing the item of $50 attorney's fee, without costs to either party in this court.

MODIFIED. REHEARING DENIED.
MOTION TO RECALL MANDATE DENIED.

Denied April 11, 1916.

ON MOTION TO RECALL MANDATE.

(155 Pac. 1176.)

In Banc. Statement by MR. JUSTICE HARRIS.

The Circuit Court rendered a decree on October 5, 1914, granting plaintiff a divorce, awarding to her the custody of her minor son, Roy F. Crim, and directing "that the defendant pay, and cause to be paid, to this plaintiff the sum of $12.50, each and every month and on the first day thereof, for the support, care, and maintenance of the said Roy F. Crim until said Roy F. Crim is eighteen years of age."

On an appeal, prosecuted by the defendant, the decree was affirmed except as to the allowance of attorneys' fees, but without costs to either party on the appeal: *ante*, p. 88. On March 16, 1916, our mandate was issued, and it directed the trial court to enter a decree in accordance with our conclusions. In obedience to the mandate the Circuit Court, on March 23, 1916, entered a decree which in part declares that:

"The plaintiff recover of and from the defendant and the sureties upon the appeal to the said Supreme Court, the sum of $212.50, being the amount due from and including November 1, 1914, up to and including March 1, 1916, said sureties being Frank O. Ziegler and, R. A. Seater, and that execution issue to enforce the same."

An execution was promptly issued commanding the sheriff to satisfy out of the property of the defendant and sureties "the sum of two hundred twelve and 50/100 ($212.50) dollars, amount due on said judgment from and including November 1, 1914, up to and including March 1, 1916."

A motion has been filed with our clerk asking that the mandate be recalled, and that the clerk of the Circuit Court be directed to recall the execution issued on the judgment entered in the Circuit Court, for the reason that the "mandate, judgment, and execution are erroneous, illegal, excessive, and unjust." The motion to recall the mandate is accompanied by an affidavit and a letter, both being dated April 4, 1916, to the effect that Roy F. Crim became eighteen years of age in October, 1915.

*Messrs. Kimball & Ringo,* for the motion.

*Mr. John Ditchburn, contra.*

MR. JUSTICE HARRIS delivered the opinion of the court.

3. The decree appealed from compels the defendant to pay $12.50 each month until Roy F. Crim becomes eighteen years of age, without stating the date of his birth or in any way fixing his exact age; and the mandate informed the trial court that this part of the decree had been affirmed and directed the entry of an appropriate decree. The decree on the mandate, entered on March 23, 1916, calculates the accrued monthly allowances on the assumption that Roy F. Crim was still under eighteen years of age. The defendant did not, previous to filing the motion to recall the mandate, make any special objection to the granting of maintenance; and we will not at this late hour consider any complaint against that part of the decree allowing $12.50 per month for the minor child.

4. The question of the exact age of Roy F. Crim is presented now for the first time, as neither the petition for a rehearing nor the printed briefs contain any suggestion of a controversy about his age. The entire record has been examined, but neither the evidence nor the pleadings afford enough information to enable a satisfactory finding as to the date of the birth of Roy F. Crim. The affidavit and letter dated April 4, 1916, cannot support a finding. The Circuit Court is therefore directed to ascertain the age of Roy F. Crim. The execution which has been issued should at once be suspended or recalled, so that the court can hear evidence and determine the age of Roy F. Crim; and, if he became eighteen years of age before March 23, 1916, the amount of the judgment should be accordingly reduced. It is not necessary to recall the mandate and consequently the motion to recall is denied.

MOTION TO RECALL MANDATE DENIED.