Argued February 29, affirmed March 14, 1916.

## SANDERS v. TABER.*

(155 Pac. 1194.)

**Appeal and Error—Conclusiveness of Record—Recital.**

1. On appeal from an order entered at a subsequent term granting a motion for a new trial filed during the term at which the judgment was rendered, a recital, "the consideration of the motion having been continued until this day because of lack of time on the part of the court to hear the same," is conclusive that the order continuing the hearing was made as required by Section 175, L. O. L., as amended by Laws of 1911, page 152, though the failure to make the continuance was assigned at the hearing as a reason for opposing the motion for a new trial.

**Negligence—Contributory Negligence—Burden of Proof.**

2. Contributory negligence and plaintiff's failure to utilize the last clear chance to avoid injury are affirmative defenses, which defendant must plead and prove.

**Negligence—Imputed Negligence.**

3. The negligence of the driver of a motorcycle is not imputed to his invited guest who was riding on the rear seat thereof.

   [As to imputed negligence of driver of an automobile to occupant, see note in Ann. Cas. 1913B, 684.]

**Trial—Instructions—Abstract Instructions.**

4. Where there is no evidence of plaintiff's contributory negligence or his failure to utilize the last clear chance, instructions on those issues are abstract, and should not have been given.

---

*On imputed or contributory negligence of passenger riding in an automobile driven by another precluding recovery against third person for injury, see note in L. R. A. 1915B, 953.                REPORTER.

From Multnomah: JOHN P. KAVANAUGH, Judge.

Department 1.   Statement by MR. JUSTICE BENSON.

This is an action by Robert Sanders against J. M. Taber, M. E. Taber and J. E. Taber to recover damages for an injury.   The following are the facts:

On July 4, 1914, plaintiff was riding on the rear seat of a motorcycle driven by one Williamson.   They were traveling south on Grand Avenue, Portland.   At the same time defendant J. M. Taber was driving an automobile north on that street.   At the intersection of Grand Avenue and East Washington Street the two vehicles collided, resulting in the injuries upon which this action is based.   The complaint charges negligence in violating an ordinance of the City of Portland in the manner of making the turn into East Washington Street, in failing to give warning of an intention to turn, and in driving at an excessive rate of speed.

The answer, after certain admissions and denials, undertakes to plead the three affirmative defenses of contributory negligence, unavoidable accident and a failure to use the "last clear chance."   A trial was had resulting in a verdict and judgment for the defendants.   Thereafter, on January 20, 1915, being the term at which the judgment was rendered, plaintiff filed a motion for a new trial, and on February 6th, the court made and entered an order allowing the motion from which defendants appeal.          AFFIRMED.

For appellants there was a brief with oral arguments by *Mr. R. E. Dennison* and *Mr. J. C. Simmons.*

For respondent there was a brief over the name of *Messrs. Benson & Benson,* with an oral argument by *Mr. Charles G. Benson.*

Mr. Justice Benson delivered the opinion of the court.

1. There are two assignments of error: First, that the court had no jurisdiction to make the order after the term at which the motion was filed, for the reason that no order was made and entered continuing the matter for hearing in compliance with Section 175, L. O. L., as amended, Laws of 1911, page 152. The only affirmative evidence upon the question is the recital in the order which, so far as pertinent to the inquiry, reads thus:

"Now at this time this matter coming on to be heard by the court on motion of the plaintiff for an order of the court setting aside the verdict and judgment heretofore entered in this cause in favor of defendants, the consideration of the motion having been continued until this date because of lack of time on the part of the court to hear the same," etc.

In the absence of any record to the contrary such recital is conclusive: *Jacobs* v. *Jacobs,* 79 Or. 143 (154 Pac. 749). It is true that upon the hearing of the motion in the trial court the defendants assigned the absence of such continuance as a reason for their opposition thereto, but the court in the bill of exceptions does not certify that the statement was true, and overruled their objections.

2. The second contention of defendants is that the record does not disclose any errors justifying the order for a new trial. It is so well established as to require no citation of authority, that contributory negligence and the failure upon the part of the plaintiff to utilize the "last clear chance" are affirmative defenses which must be pleaded, and that in proving the same the burden is upon the defendant.

3. In the present case the answer does not allege any acts of the plaintiff constituting contributory negli-

gence, and a careful examination of the testimony discloses, without dispute, that the plaintiff was riding upon the rear seat of the motorcycle, was an invited guest of the driver, riding without charge, and without any control of the vehicle. Under these circumstances, no negligence of the driver could be imputed to him: *Rogers* v. *Portland Ry., L. & P. Co.,* 66 Or. 244 (134 Pac. 9); *Tonseth* v. *Portland Ry., L. & P. Co.,* 70 Or. 341 (141 Pac. 868).

4. The testimony is absolutely silent as to any conduct or action of his from the moment he was seated thereon until after the accident occurred. The court instructed the jury quite fully as to the legal effect of contributory negligence and as to the duty of plaintiff to seize the last clear chance to avert the collision. This court has held in a long line of cases that it is error to instruct the jury upon abstract propositions of law, however correct in themselves, since "they tend to draw the minds of the jurors away from the real facts in the case to something which they assume to exist, but which cannot be found in the record": *Bowen* v. *Clarke,* 22 Or. 566 (30 Pac. 430, 29 Am. St. Rep. 625, and cases there cited); *Pearson* v. *Dryden,* 28 Or. 350 (43 Pac. 166, and many later cases).

The conclusion is that upon an appeal this court would have been compelled to reverse the judgment. Therefore there was no error in the action of the lower court in granting a new trial, and the judgment is affirmed.                                   AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BURNETT and MR. JUSTICE MCBRIDE concur.