Submitted on motion to compel payment of money for the support of minor children and same is denied May 24, argued on the merits December 13, 1921, affirmed January 24, 1922.

## HANSEN *v.* HANSEN.

(198 Pac. 207; 203 Pac. 613.)

**Appeal and Error — Supreme Court's Appellate Jurisdiction Based Only on Duly Authenticated Record.**

1. The Supreme Court's appellate jurisdiction must be based on a duly authenticated record of the doings in the Circuit Court, and not on an affidavit originally filed in the Supreme Court and purporting merely to narrate the occurrences in the Circuit Court.

---

On charges of adultery as grounds for divorce, see notes in 18 L. R. A. (N. S.) 300; 34 L. R. A. (N. S.) 360.

103 Or.—2

**Divorce—Supreme Court Without Jurisdiction to Require Payment of Temporary Alimony in Absence of Record Referring to Order.**

2. On defendant's appeal from a divorce decree for wife, the Supreme Court had no jurisdiction to require husband to pay temporary alimony decreed by lower court, on motion made in the Supreme Court on affidavit filed therein reciting the court allowed wife such temporary alimony, in absence of duly authenticated record containing such order or referring thereto, since in such case the court could not discuss or consider or review the order.

### ON THE MERITS.

**Divorce—Evidence Held to Show Husband Guilty of Cruelty.**

3. In an action for divorce, evidence that on several occasions the husband without provocation violently attacked his wife and injured her, and that he had unjustly charged her with infidelity, *held* sufficient to sustain a finding he was guilty of cruelty.

**Husband and Wife—No Right to Chastise Wife.**

4. It is not within the right of any man to beat his wife under any circumstances, or for any cause, good or bad.

**Divorce—Court Without Discretion to Deny Relief Where Statutory Ground is Proved.**

5. Though it is the policy of the law to sustain the marriage relation, courts of equity are bound to decree a divorce to the injured party where the acts of the other party complained of are clearly established by the evidence, were not provoked by any act of the plaintiff, and were of the kind and character made by the statute a ground for divorce.

**Divorce—Remedy for Excessive Allowance for Support of Children Held to be Application to Trial Court for Reduction.**

6. In a suit for divorce, where the court granted the relief to plaintiff and awarded her the custody of the two children, the defendant cannot, on appeal, object to the amount he was required to pay for the support of the children, where there was nothing in the record to show it was unreasonable, but his remedy is by application to the court below for reduction of the amount.

From Multnomah: FRANK M. CALKINS, Judge.

In Banc.

Submitted on motion filed by plaintiff to compel defendant to pay $30 per month for the support of the minor children.          MOTION DENIED.

*Mr. P. J. Bannon*, for the motion.

*Mr. B. G. Skulason, contra.*

HARRIS, J.—The plaintiff has filed with our clerk a motion

"to compel the defendant to pay the temporary alimony heretofore awarded to the minor children in the above-entitled cause in the sum of $30 per month, and which same is now delinquent in the sum of $180, and that he be compelled to pay said amount thereafter each month in said sum of $30 as prayed for and shown by the affidavit hereto attached."

The affidavit attached to the motion avers that "about one year ago" the plaintiff commenced a suit for a divorce against the defendant; that "shortly thereafter" the plaintiff made application for maintenance for the two minor children and that the Circuit Court made an allowance of $30 per month; that "thereafter" the cause was tried and the court awarded the custody of the two minor children to the plaintiff and decreed that the defendant pay $50 per month for the maintenance of the children; that thereafter the defendant appealed to the Supreme Court where the cause is now pending; that "shortly after the appeal" the defendant "refused to pay any alimony for the support of the said minor children," and the plaintiff caused the defendant to appear in the Circuit Court "and show cause why he should not be compelled to pay said alimony"; and that upon the showing made by the defendant the Circuit Court "decided that as the cause was appealed to the Supreme Court that he had lost jurisdiction not only over the decree but also over the order allowing the temporary alimony, and therefore dismissed said proceeding"; that the defendant "is now delinquent in his payment in the sum of $180 or for the period of six months at the rate of $30 per month."

The affidavit does not make it entirely clear whether the sum of $180, alleged to be delinquent, includes any installments accruing before the rendition of the decree in the Circuit Court. However, we infer from the affidavit that the defendant paid the monthly installments regularly until the rendition of the decree in the Circuit Court, and that the defendant did not refuse to pay monthly installments until "shortly after the appeal." If this inference is correct the motion of the plaintiff presents a situation where the wife is asserting that the order made on the authority of section 512, Or. L., providing for maintenance during the pendency of the suit, continues to be effective until the suit is finally disposed of on appeal, and that the order continues to be effective notwithstanding the undertaking on appeal recites that the principal and his surety agree that the defendant

"will pay all damages, costs and disbursements which may be awarded against him in said suit on the appeal, and that if the said decree or any part thereof be affirmed, the defendant will satisfy the same so far as affirmed." See Section 551, subd. 1, Or. L.

The claim involved in the motion of the plaintiff is one which might present many interesting questions if the record permitted discussion of the merits of the claim: See 19 C. J. 190.

1. This tribunal exercises appellate jurisdiction, and, with comparatively few exceptions, is without original jurisdiction. If this court possesses any jurisdiction over the matter involved in the plaintiff's motion it is appellate in its nature: See *Taylor* v. *Taylor,* 70 Or. 510 (134 Pac. 1183, 140 Pac. 999). Our jurisdiction, if any we have, being appellate, must be based upon a duly authenticated record of the doings in the Circuit Court and not upon an affidavit origi-

nally filed in this court and purporting merely to narrate the occurrences in the Circuit Court.

2. There is on file with our clerk a copy of the decree appealed from, the notice of appeal and proof of service thereof and of the undertaking on appeal as required by Section 554, Or. L. Upon examination of the copy of the decree we learn that the plaintiff obtained a divorce; that she was awarded the custody of the minor children; that the defendant was ordered to pay to the plaintiff $50 per month for the support of the minor children; and that the defendant was required to pay the sum of $50 as suit money in addition to an allowance that had been previously made. The decree makes no reference to the order which required the payment of $30 per month pending the suit. We have examined the transcript of testimony and, although we find a reference to "an allowance of $75 heretofore made" as suit money, we have not discovered in the transcript any reference to the order for the payment of maintenance pending the suit. The printed abstract is likewise silent upon the subject of the order for the payment of money for the support of the children during the pendency of the suit. In brief, the only information which we have concerning any order for the payment of money for the support of the children during the pendency of the suit comes from the motion and original affidavit filed by the plaintiff in this court; and, therefore, even though the record is sufficient to give this court appellate jurisdiction over the final decree, the record is not sufficient to enable us to discuss or consider or review the order which it is said the Circuit Court made directing the payment of $30 per month for the support of the children pending the suit.

The motion filed by the plaintiff is denied.

MOTION DENIED.

Affirmed January 24, 1922.

ON THE MERITS.

(203 Pac. 613.)

AFFIRMED.

Department 1.

RAND, J.—The plaintiff and the defendant intermarried at Astoria, Oregon, on August 28, 1914. Two children, both girls, one aged five years and the other four, are the issue of the marriage. In her complaint the plaintiff charges the defendant with cruel and inhuman treatment and personal indignities rendering her life burdensome. The answer denies all of said charges and alleges no misconduct against the plaintiff, but does allege that disagreements have arisen between the parties on account of plaintiff's refusal to properly keep house, cook for defendant and take care of his clothes. The answer also alleges that the plaintiff has been in the habit of going to public dances against defendant's protest; and that in the summer of 1919, the plaintiff in the company of her mother and another woman attended public dances frequently, sometimes not returning therefrom until after midnight; that the plaintiff was under the influence of her mother, who had interfered in their domestic affairs, which interference had resulted in plaintiff's leaving the home of the defendant on three occasions and taking up her abode with her mother, all of which is denied in the reply.

The depositions of a large number of witnesses were taken, but the principal testimony in the case was heard in open court before the trial judge who having made his findings of fact and conclusions of law,

entered a decree dissolving the marriage relations, awarding the care and custody of the two children to the plaintiff and directing that the defendant should pay fifty dollars per month for the support of the children and the further sum of fifty dollars for attorney's fees, which the defendant by a former order had been required, but had failed to pay, and the costs and disbursements of the suit. From this decree the defendant appealed.          AFFIRMED.

For appellant there was a brief and oral argument by *Mr. B. G. Skulason.*

For respondent there was a brief and oral argument by *Mr. P. J. Bannon.*

RAND, J.—3. The principal question for our determination is, whether the plaintiff has established the allegations of cruel and inhuman treatment and personal indignities alleged in the complaint. This question is purely one of fact and after careful consideration of all of the testimony, we are of the opinion that the plaintiff has fully established the cruelty charged in her complaint. It appears from the testimony that about one o'clock in the afternoon of July 4, 1915, only six days before the birth of the first child, the plaintiff was about to attend a celebration to be held that afternoon at Peninsula Park at Portland, Oregon, near the home where the parties were then living. That as the plaintiff was about to leave the house for the purpose of attending the celebration, the defendant refused to permit her to go and when she insisted upon going, the defendant tore her hat from her head and threw it upon the floor, tore her dress and slapped her, and then violently caught her by the arm, pinching and bruising it until

it became black and blue. After this occurrence, the plaintiff went to the house of a woman living in the neighborhood and had her administer liniment to the arm. This is testified to by the plaintiff and is corroborated, as to the condition of plaintiff's arm at the time, by the testimony of the woman who administered the liniment, and by others, who testified that the plaintiff's arm was in a bruised and blackened condition at that time. It also appears from the evidence that subsequently upon another occasion, the defendant became enraged and called plaintiff vile names, struck her a violent blow in the eye with his fist, knocking her down, and causing her eye to become black and blue. This testimony is corroborated by witnesses who saw the eye in that condition at that time. It also appears that at another time the defendant quarreled with plaintiff and violently tore off and pulled away a wart growing on her ear. The defendant admits that he pulled off the wart, but claims that it was not done in anger, but was done at plaintiff's request. He is contradicted and the plaintiff's testimony is corroborated by the testimony of a witness who heard the quarrel, heard the plaintiff's cry for help and later saw blood upon her face.

It is also established by the evidence that the defendant frequently, without any reason for suspicioning his wife or any cause for the accusations, wrongfully accused her of immoral conduct and told her, and upon one occasion another person, that he was not the father of the second child; that he frequently called her by the vilest of names and ordered her to leave, saying, that he was tired of feeding her. The evidence shows other acts of cruelty on the part of the defendant, not necessary to be related here.

Upon the argument before us, it was stated by the defendant's counsel, that the defendant made no charge of wrongdoing against his wife and that the defendant wanted the plaintiff to return to his home and resume the marriage relations. That being so, it is impossible to excuse the defendant upon any ground for the unwarranted accusations made to his wife and for his vicious attacks upon her person and character. We think it clearly appears from the evidence that the defendant was domineering, tyrannical and brutal in his treatment of his wife, and that he regarded her as a mere chattel to be used or abused as he pleased.

4. The defendant contends that these matters are trivial and insignificant, but we cannot agree with this contention. They are sufficient, when persisted in, to destroy the self respect and happiness of any woman. The law guarantees to every married woman personal security from the violence of her husband. It is not within the right of any man to beat his wife under any circumstances, or for any cause, good or bad.

5. It is "the policy of the law," as said by Mr. Justice LORD in *Taylor* v. *Taylor,* 11 Or. 303, 304 (8 Pac. 354),—

"to uphold and sustain the marriage relation, and courts of equity will not lend their aid to dissolve it unless the proof be clear and satisfactory of the truth of the charge preferred."

Yet, in cases like this, where misconduct by the plaintiff is neither alleged nor proved and the acts complained of are clearly established by the evidence and were not provoked by any act of the plaintiff nor participated in by her, and are of the kind and character which by statute are made a ground for divorce at the suit of the injured party, courts of

equity are bound to decree to the injured party the remedy provided by statute. To hold otherwise, would operate to defeat the plain purpose of the statute and to disregard its express provisions.

6. Objection is made by the defendant to the amount of $50 per month which the decree requires him to pay to the plaintiff for the support of the two children. If $50 per month is in excess of the amount which the defendant ought to be required to pay for their support, that matter can be taken up in the lower court and upon a proper showing it can be reduced. There is nothing here to show that the amount is unreasonable or in excess of what defendant should be required to pay.

For the reasons above set forth, the decree of the lower court is affirmed, and it is so ordered.

                                                    Affirmed.

Burnett, C. J., and McBride and Harris, JJ., concur.