Motion for order making decision and order of court below part of transcript on appeal denied September 23, 1924, motion to dismiss appeal overruled April 27, argued on the merits June 30, affirmed as modified July 13, 1926.

## FREDERICK ARNOLD THOMSEN *v.* KATHERINE THOMSEN.

(228 Pac. 832; 245 Pac. 502; 247 Pac. 808.)

**Appeal and Error—Mere Opinion of Trial Judge not Entitled to be Made Part of Record.**

1. Mere opinion of circuit judge who heard case, amounting to neither finding of fact nor decree of any kind, not entitled to be made part of record.

### ON PETITION FOR REHEARING.

**Divorce—As Respects Appellate Jurisdiction, Bringing of New Divorce Suit Held not Waiver of Plaintiff's Original Suit or Right to Contest Order of Court Requiring Him to Pay His Wife's Costs and Attorney's Fees.**

2. As respects jurisdiction of Supreme Court on appeal, *held* that the fact that plaintiff brought new suit for divorce was not a waiver of his original suit, which was dismissed, or his right to contest order of court requiring him to pay his wife's costs and attorney's fees.

### ON THE MERITS.

**Divorce.**

3. Wife's failure to return to husband, living with his parents, after absence at time of birth of child, *held* not desertion, where she was willing to return to a home of their own, and husband never, in good faith, made unqualified demand that she return.

**Divorce.**

4. While husband may choose domicile if exercising due regard to wife's happiness and welfare, wife's refusal to go where she will be subject to abuse, ill treatment, or unwarranted interference, is not desertion.

**Divorce.**

5. Allowing $300 additional suit money in final decree dismissing complaint and cross-complaint for divorce *held* error, under Section 512, Or. L.

See 4 C. J., Sec. 1708.
Appeal and Error, 4 C. J., p. 586, n. 69.
Divorce, 19 C. J., p. 60, n. 84.

1. See 2 R. C. L. 129.
4. See 9 R. C. L. 365.

From Hood River: FRED W. WILSON, Judge.

In Banc.

MOTION DENIED.

For the motion, *Messrs. Van Vactor & Butler.*

*Contra, Mr. W. H. Wilson* and *Mr. Ernest C. Smith.*

PER CURIAM.—1. This is a motion for an order to attach to the transcript what the application terms "an order and decision" of the circuit judge in relation to the contentions between the plaintiff and the defendant. An examination of the alleged order and decision discloses the fact that it is neither a finding of fact nor a decree of any kind in the case, but is, in substance, merely an opinion of the circuit judge who heard the case. As such an opinion, it had no place in the files of record, although we might, upon a hearing, be disposed to consider it, as we would the opinion of any court upon questions of like character. It is an opinion merely and possesses no strictly legal efficacy, and is not entitled to be made part of the record.

The motion is denied.     MOTION DENIED.

Motion to dismiss appeal overruled April 27, 1926.

ON MOTION TO DISMISS APPEAL.

(245 Pac. 502.)

*Messrs. Van Vactor & Butler,* for the motion.

*Mr. W. H. Wilson* and *Mr. Ernest C. Smith, contra.*

McBRIDE, C. J.—2. The plaintiff, appellant here, is suing the defendant for a divorce. The defendant

answered, denying the allegations of plaintiff's complaint, and filed a cross-complaint asking for a divorce from the plaintiff. At the hearing, the court handed down a decree, dismissing plaintiff's complaint and defendant's cross-complaint, but containing the following order:

"That the complaint of the plaintiff be, and the same is hereby dismissed—and that the plaintiff be and he is hereby ordered and required to pay into court immediately the sum of $300 as additional attorneys fees and suit money, and for defendant's costs and disbursements herein."

The plaintiff appealed from this order, or that part of it above quoted; and in addition to the ordinary bond, gave a stay bond conditioned to pay all damages, costs and disbursements that might be awarded against him on the appeal.

The defendant now comes into court and moves to dismiss stating as a ground therefor that, since this appeal was perfected and pending in the Supreme Court, plaintiff had commenced another suit for divorce in the Circuit Court. This motion suggests a peculiar condition of affairs, but we are of the opinion that the bringing of another suit does not amount to a waiver of the plaintiff's original suit, and certainly does not amount to a waiver of his right to contest the order of the court requiring him to pay his wife's costs and attorneys' fees.

The same proposition arose in *Randolph* v. *Brunswick & Birmingham R. R. Co.,* 120 Ga. 969, 970 (48 S. E. 396). The statement in that case is as follows:

"The court granted a nonsuit. The plaintiff sued out a writ of error. On the call of the case here, the defendant presented a certificate from the clerk of the superior court, showing that after the bill of

exceptions had been transmitted to the Supreme Court, the plaintiff filed another suit for identically the same cause of action; and thereupon the defendant moved to dismiss the writ of error, on the ground that the institution of the second suit was an acceptance and ratification of the judgment granting a nonsuit. Courts do not settle moot questions or deal with fictitious litigation; neither will they proceed to judgment where it is shown that the parties have settled their controversy, or that the judgment has been satisfied. In such case the writ of error will be dismissed in the appellate court. If on an application for injunction it appears that the act sought to be enjoined has been fully completed, a like dismissal will result. [Citing a number of cases.] But all these decisions relate to the conduct of the parties, or the condition of the subject matter, in the suit then pending in the Supreme Court. None of them rule that an action rightly brought and then undisposed of shall be dismissed because of the conduct of one of the parties in another and independent action. If the plaintiff had consented to the nonsuit (*Zorn* v. *Lamar,* 71 Ga. 81), or, after a judgment of involuntary nonsuit, had brought a new action and thereby yielded to the judgment before presenting a bill of exceptions, a different question might have been presented. But here she continued and preserved the original action by filing a bill of exceptions. The pendency of this former suit may have been good ground for abating the second, but the pendency of the second cannot be used to abate the first.''

This seems to be a reasonable view of the law and we are disposed to accept it as such.

The motion to dismiss will be overruled.

MOTION OVERRULED.

## On the Merits.

(247 Pac. 808.)

This is a suit for divorce on the grounds of desertion and cruel and inhuman treatment. Defendant, by cross-complaint, also sought a divorce, but at close of case waived her claim for such relief. The trial court decreed that the complaint and cross-complaint be dismissed and required plaintiff to pay an additional sum of $300 as attorneys' fees. Plaintiff appeals.          AFFIRMED AS MODIFIED.

For appellant there was a brief over the name of *Mr. W. H. Wilson,* with an oral argument by *Mr. Ernest C. Smith.*

For respondent there was a brief over the name of *Messrs. Van Vactor & Butler,* with an oral argument by *Mr. Robert R. Butler.*

BELT, J.—The great World War was over. Plaintiff, an overseas veteran, twenty-three years of age, was returning to his home in Hood River, Oregon. While standing on the platform of a railroad coach, which was held awaiting orders, at Philadelphia, he first gazed upon his future wife. She was then in training as a nurse and had come to extend greetings to the boys from the front. It was apparently a case of love at first sight. Plaintiff was quartered temporarily at Camp Dickson, near Philadelphia, where defendant then lived, and he was enabled to call at her home twice before leaving for Oregon. When he returned home, a fervent and rapid fire correspondence sprang up, eventuating in

a return trip to Philadelphia, where, on November 28, 1919, a marriage was consummated.

3. Plaintiff, like his brother a short time before him, brought his young bride home to live with his parents. It was, indeed, a grave mistake. Experience of past ages teaches that a wife is rightfully entitled to be mistress of her own household. It is true she had good food and a place to sleep, but there is something more important than material comfort—and that is happiness. The house on the farm was large and somewhat pretentious, but not large enough to cover three families. In this home there resided plaintiff's father and mother, two sisters, brother and sister-in-law. Trouble soon arose to cast a cloud over this romance of the war. It was the same old, old story. Space is too valuable to recite the various quarrels and embarrassing situations that arose in this household. Neither will we undertake to say who was to blame. We judge from the evidence that the condition might be accurately described by repeating what Sherman said about war.

When defendant became pregnant with child, it was mutually agreed that she should return to Philadelphia where she could have the gentle care and sympathy of a mother at a time when most needed. A fine baby boy was born September 27, 1920. Numerous letters passed between the husband and wife. Finally, in November, 1920, plaintiff wrote to defendant requesting her in a somewhat uncertain and unsatisfactory manner to return to him and carry on their married life. Plaintiff dates the alleged desertion from the receipt of this letter. We have examined the large number of letters written by the wife since the above date and throughout them is an

expression of undying love and a sincere desire to live with plaintiff in a home of their own. Defendant was convinced there could be no happiness unless they were removed from past influences, and, in this contention, we agree. She was entitled to a new deal.

4. We recognize the right of a husband to choose the domicile, so long as that right is exercised with due regard to the happiness and welfare of the wife, but desertion cannot be predicated on the refusal of the wife to go where she will be subjected to abuse, ill treatment or unwarranted interference: 9 R. C. L. 365; 19 C. J. 60; *Brewer* v. *Brewer,* 79 Neb. 726 (113 N. W. 161, 13 L. R. A. (N. S.) 222, and note); *Hall* v. *Hall,* 69 W. Va. 175 (71 S. E. 103, 34 L. R. A. (N. S.) 758, and note). As stated in *Powell* v. *Powell,* 29 Vt. 148:

"Now, while we recognize fully the right of the husband to direct the affairs of his own house, and to determine the place of the abode of the family, and that it is in general the duty of the wife to submit to such determinations, it is still not an entirely arbitrary power which the husband exercises in these matters. He must exercise reason and discretion in regard to them * * . Any man who has proper tenderness and affection for his wife would certainly not require her to reside near his relatives if her peace of mind were thereby seriously disturbed."

The record does not disclose that plaintiff at any time had a home to offer defendant, where she would be free from the influences that brought sorrow and trouble into their lives. Neither does it appear that plaintiff in good faith made an unqualified demand upon defendant to return and live with him as his wife. We think he was more concerned in establishing a basis for future divorce proceedings.

There is no·merit in plaintiff's claim that he was subjected to cruel and inhuman treatment nor do we think he has established a cause for divorce on the ground of desertion.

5. It was error, as counsel for respondent concedes, to make an additional allowance of $300 as suit money in the final decree: Section 512, Or. L.; *Hengen* v. *Hengen,* 85 Or. 155 (166 Pac. 525).

Eliminating the allowance of $300 as suit money, the decree of the trial court is affirmed and defendant is awarded costs and disbursements.      AFFIRMED.

McBRIDE, C. J., and BEAN and BROWN, JJ., concur.