Motion to dismiss appeal denied October 12, 1926, argued March 25, appeal dismissed May 24, cross-appeal affirmed June 7, rehearing denied June 21, second petition for rehearing denied June 29, 1927.

# CARRIE B. BILLION *v.* VERNON A. BILLION.

(256 Pac. 389; 256 Pac. 769.)

**Divorce—Appeal from Decree Denying Divorce Becomes Moot Where Plaintiff was Subsequently Granted Divorce in Another Suit.**

1. Where plaintiff in divorce suit wherein there was a decree denying divorce and dismissing complaint was subsequently granted a divorce, appeal from decree in first case became moot.

## ON THE MERITS.

**Divorce—Allowance of Attorney's Fees and Suit Money Depends on Statute.**

2. Allowance of attorney's fees and suit money in divorce cases is purely statutory.

**Divorce—Allowance of Wife's Attorney's Fee can Only be Made After Commencement of Suit and Before Decree (Or. L., § 512).**

3. Allowance of wife's attorney's fee under Section 512, Or. L., can be made only after commencement of suit and before decree.

**Divorce—Allowance for Attorney's Fee may be Incorporated in Decree.**

4. Allowance for wife's attorney's fee, made after commencement of suit and before decree, may be incorporated in decree.

**Divorce—Allowance of Attorney's Fee to Wife is Within Sound Discretion of Court (Or. L., § 512).**

5. Under Section 512, Or. L., allowance of attorney's fee to wife is within sound discretion of court.

---

Appeal and Error, 4 C. J., p. 624, n. 26.
Divorce, 19 C. J., p. 227, n. 12, p. 228, n. 39, p. 240, n. 22, p. 283, n. 6.

From Multnomah: T. E. J. DUFFY, Judge.

Department 1.

APPEAL DISMISSED.

---

2. Allowance of suit money and counsel fees in divorce cases, see notes in 3 Ann. Cas. 51; 51 Ann. Cas. 229. See, also, 1 R. C. L. 229.

5. See 1 R. C. L. 912.

For appellant there was a brief and oral argument by *Mr. Henry S. Westbrook.*

For respondent and cross-appellant there was a brief and oral argument by *Mr. J. H. Kelley.*

COSHOW, J.—The plaintiff appeals from the decree denying her a divorce and dismissing her complaint. The defendant appeals from that part of the decree requiring him to pay $300 additional attorney's fee for the benefit of the plaintiff. The decree from which the appeal is taken was entered December 31, 1923. The plaintiff began another suit for divorce from the defendant January 21, 1924. February 28, 1924, she gave notice of her appeal from the decree rendered December 21, 1923. On May 24, 1924, defendant filed his motion to dismiss this appeal because plaintiff was prosecuting the second suit for divorce. On March 26, 1926, a decree was entered in the second suit granting to plaintiff a divorce from the defendant. Therefore on August 2, 1926, defendant renewed his motion to dismiss the appeal now under consideration. That motion was denied with permission to present it at the argument on the merits. The case was argued on the merits in this court on March 25, 1927. Plaintiff having been granted a divorce subsequent to this appeal is not entitled to be heard on the appeal. This appeal has become a moot question. The object sought by the appeal is a divorce. That object has been attained. The controversy between plaintiff and defendant is at an end: *State ex rel.* v. *Webster,* 58 Or. 376 (114 Pac. 932); *Addison* v. *Addison,* 117 Or. 80, 82 (242 Pac. 832); *Moores* v. *Moores,* 36 Or. 261, 265 (59 Pac.

327); *Ehrman* v. *Astoria R. R. Co.,* 26 Or. 377 (38 Pac. 306); *Samuel* v. *Samuel,* 59 Kan. 335 (52 Pac. 889).

The motion to dismiss is allowed and plaintiff's appeal is dismissed.　　　　APPEAL DISMISSED.

BURNETT, C. J., and McBRIDE and RAND, JJ., concur.

## ON THE MERITS.

1. On May 24, 1927, an order was made in this court dismissing plaintiff's appeal. The cross-appeal of defendant was not considered or disposed of in that order. Plaintiff filed her complaint on the twenty-third day of October, 1922. On the thirty-first day of that month the Circuit Court made an order allowing plaintiff $75 per month as support and maintenance money pending the suit but refused to allow any attorney's fee. On the fifteenth day of March, 1923, plaintiff filed a supplemental amended complaint. On the same day plaintiff filed her motion for $100 suit money and the sum of "$500 upon attorney's fees, and that other attorney's fees be allowed and fixed at the date of the trial, * * ." On the ninth day of June, 1923, defendant filed his answer and cross-complaint. After a trial in which more than 1200 pages of testimony were taken and on December 8, 1923, the court made an order allowing plaintiff $300 in addition to the $100 theretofore allowed as attorney's fee. On the twentieth day of December, 1923, the court made and filed its findings and conclusions and on the twenty-first day of December, 1923, rendered and entered its decree dismissing both the complaint and the cross-complaint

with prejudice, and incorporated in said decree a judgment in favor of plaintiff against the defendant for $300 in full settlement of plaintiff's attorneys fee in this suit. Defendant appealed only from the judgment against him for said $300.

AFFIRMED.

For appellant there was a brief and oral argument by *Mr. Henry S. Westbrook.*

For respondent and cross-appellant there was a brief and oral argument by *Mr. J. H. Kelley.*

COSHOW, J.—2. Defendant does not challenge the validity of the order based on plaintiff's motion filed on March 15, 1923, allowing $100 on account of attorney's fee in which the court retained jurisdiction to make other and further allowance on account of plaintiff's attorney's fee and suit money at the trial of this case. Defendant questions the authority of the court to make the allowance of $300 additional attorney's fee, claiming that it had exhausted its jurisdiction by making the order based on the motion filed March 15, 1923. The allowance of attorney's fee and suit money in divorce cases is purely statutory. Unless the statute authorizes it so to do the court is without power to allow attorney's fee to the wife in a divorce suit. Our statute prescribes:

"After the commencement of a suit, and before a decree therein, the court or judge thereof, may, in its (or his) discretion, provide by order as follows:

"1. That the husband pay, or secure to be paid, to the clerk of the court, such an amount of money as may be necessary to enable the wife to prosecute

or defend the suit, as the case may be, and also such an amount of money as may be necessary to support and maintain the wife during the pendency of the suit; * * ." Or. L., § 512.

3, 4. This statute has been construed a number of times in this court. It has been uniformly held that an order for attorneys fee can be made only after the commencement of the suit and before the decree: *Thomsen* v. *Thomsen,* 118 Or. 614, 621 (228 Pac. 832, 245 Pac. 502, 247 Pac. 808). It has also been held that the court may make a valid order regarding attorney's fee and suit money at any time between the commencement of the suit and the rendition of the decree, and that the court could incorporate in the decree a judgment or order for the amount allowed for attorney's fee: *Taylor* v. *Taylor,* 70 Or. 510, 525 (134 Pac. 1183, 140 Pac. 999); *O'Brien* v. *O'Brien,* 36 Or. 92 (57 Pac. 374, 58 Pac. 892); *Hengen* v. *Hengen,* 85 Or. 155, 164 (166 Pac. 525); *Hansen* v. *Hansen.* 103 Or. 17 19 (198 Pac. 207, 203 Pac. 613).

5. The allowance of attorney's fee in a divorce case is in the sound discretion of the court: Or. L., § 512. We think the amount allowed plaintiff in this suit was not exorbitant, and the court did not abuse its discretion by making the order. That part of the decree appealed from by defendant is therefore affirmed. Neither party will recover costs from the other in this court.        AFFIRMED.

BURNETT, C. J., and McBRIDE and RAND, JJ., concur.

Rehearing denied June 29, 1927.

ON PETITION FOR REHEARING.

(256 Pac. 769.)

For the petition, *Mr. Henry S. Westbrook.*

*Contra, Mr. J. H. Kelley.*

COSHOW, J.—Plaintiff has filed a petition for rehearing. The petition, however, is not supported by any argument or authority and is based on matters that were presented in the oral argument March 25, 1927. The petition is denied.

Both parties have filed cost bills. In our opinion rendered June 7, 1927, we wrote: "Neither party will recover costs from the other in this court." We intended that to apply to the entire case and not simply to the cross-appeal of the defendant. We repeat that neither party to the case will recover costs in this court on either the appeal or cross-appeal.

REHEARING DENIED AND COSTS DISALLOWED.

BURNETT, C. J., and McBRIDE and RAND, JJ., concur.