Argued March 5, reversed April 16, 1929.

ROBERT L. ALDRICH *v.* HATTIE L. ALDRICH.

(276 Pac. 267.)

For appellant there was a brief over the names of *Messrs. Pierce* and *Beckman.*

For respondent there was a brief and oral argument by *Mr. G. E. Hamaker.*

McBRIDE, J.—In 1927, the plaintiff filed a suit for divorce against the defendant. After the complaint was filed and service had, defendant became insane, and thereafter appeared by her guardian *ad litem.* Such proceedings were had that plaintiff received a decree of divorce with certain stipulations on the part of plaintiff as to the payment of a certain sum to defendant monthly as alimony, and as to the use and occupation of a certain house and the furniture therein. In short, it was not the unusual case of a divorce in which the property rights were stipulated, and a decree as to them rendered in the divorce proceeding.

Shortly after the decree was rendered, plaintiff filed a motion to modify the same, which, after appearance by defendant's counsel was denied. Plaintiff then filed a motion to require defendant's guardian to vacate the house set apart to the use of the defendant (defendant being still in the insane asylum) and, after a hearing, this motion was also

denied. After this hearing, the defendant, by her counsel and guardian, filed a motion to compel plaintiff to pay the counsel fees incurred by the defendant in the defense against these motions, and, after a hearing, the court allowed the motion and entered an order requiring plaintiff to pay $250 as attorney's fees as the reasonable sum for making such defense. From this order only, the plaintiff appeals.

■ The motions appear to us to have been based on insufficient grounds, at least the court so held, and, if we could consistently affirm this order, we would gladly do so; but we find no authority in the statute for so doing. The granting of suit money in a divorce proceeding is purely a creation of statute, and we have no right to go beyond it.

Section 512, Or. L., is, in part, as follows:

"After the commencement of a suit, and before a decree therein, the court or judge thereof, may, in its (or his) discretion, provide by order as follows:

"1. That the husband pay, or secure to be paid, to the clerk of the court, such an amount of money as may be necessary to enable the wife to prosecute or defend the suit as the case may be, * * ."

■ Construing this section, we have uniformly held that allowances for suit money are interlocutory in their character and must be made before the decree: *Billion* v. *Billion,* 122 Or. 68 (256 Pac. 389, 256 Pac. 769), *Thomsen* v. *Thomsen,* 118 Or. 614 (245 Pac. 502, 247 Pac. 808), *Hengen* v. *Hengen,* 85 Or. 155 (166 Pac. 525), and *Crim* v. *Crim,* 80 Or. 88 (155 Pac. 175, 155 Pac. 1176).

Plaintiff's counsel cites decisions of several other courts holding a contrary doctrine, but, on examination, they will be found to rest upon statutes in which the courts are granted a broader authority than is

found in our own. For instance, the Nebraska statute quoted in the case of *O'Brien* v. *O'Brien*, 19 Neb. 584, 587 (27 N. W. 640, 641), is as follows:

"After a decree for alimony or other allowance for the wife and children, or either of them, and also after the decree for the appointment of trustees to receive and hold any property for the use of the wife and children as before provided, the court may, from time to time, on the petition of either of the parties, revise and alter such decree respecting the amount of such alimony or allowance, of the payment thereof, and also respecting the appropriation and payment and income of the property so held in trust, *and may make any decree respecting any of said matters which such court might have made in the original suit.*"

The statute quoted would seem a salutary provision, but it does not exist in our Code. And, in any event, we are not inclined to disregard the long series of decisions by our own court and adopt the holdings of other jurisdictions.

The judgment is reversed, but in view of the pitiable condition of the defendant, and of the fact that she has been unnecessarily harrassed by the proceedings of the plaintiff, neither party will recover costs in the lower court, or on this appeal.     REVERSED.

BELT, RAND and ROSSMAN, JJ., concur.