Argued February 24; reversed March 16, 1937

# CARLTON *v.* CARLTON

(65 P. (2d) 1417)

*Roy K. Terry*, of Portland, for appellant.

*W. H. Fitzgerald* and *E. R. Trayle*, both of Portland, for respondent.

CAMPBELL, J. On November 21, 1935, plaintiff filed a suit in the circuit court for Multnomah county, for the dissolution of the marriage contract existing between himself and defendant. On November 29, 1935, the defendant answered with a general denial and filed a counterclaim for a divorce from plaintiff. After the cause was at issue, and before trial, defendant filed a motion, supported by affidavit, asking for court costs, temporary alimony and attorney fees. On December 27, 1935, the court made an order allowing defendant $20 per month temporary alimony and made no mention or reference to allowance of attorney fees or court costs.

The cause came on for trial, and after hearing, the court entered a decree in favor of defendant as follows:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the defendant be and she is hereby granted a decree of divorce absolute from the plaintiff herein;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the defendant be and she is hereby restored her maiden name of Helen D. Gilmore;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the plaintiff be and he is hereby ordered to pay defendant herein lump sum alimony in the amount of Twenty-Five ($25.00) Dollars, payable at the rate of Five ($5.00) Dollars per month the first payment to be made on or before the 1st day of March, 1936, and a like sum on or before the first day of each month thereafter until fully paid, and it is

FURTHER ORDERED that plaintiff pay to defendant on or before the first day of March, 1936, the actual Court costs incurred, taxed at Seven ($7.00) Dollars;

AND IT IS FURTHER ORDERED that plaintiff pay herein a reasonable attorney fee in the sum of Seventy-Five ($75.00) Dollars payable at the rate of Ten ($10.00) Dollars per month, the first payment to be made on or before the 20th day of March, 1936, and a like sum on or before the 20th day of each month thereafter until fully paid.''

Judgment for alimony, costs and attorney fees was docketed February 17, 1936, in the judgment docket. On April 10, 1936, this judgment was satisfied and a marginal release entered in the judgment docket by defendant.

On June 1, 1936, defendant's attorney brought contempt proceedings against plaintiff and he was ordered to show cause why he should not be adjudged in contempt for failure to pay attorney fees allowed defendant in said decree. After hearing, the court entered an order purging plaintiff of contempt.

On August 25, 1936, defendant's attorney filed a motion in the circuit court as follows:

"Comes now W. H. Fitzgerald, attorney for above named defendant, and files *this his motion* for an order *based on his affidavit on file,* commanding the said plaintiff, to appear in this Court and show cause, if any there be, why the purported satisfaction of judgment entered by defendant by means of marginal release, should not be vacated and set aside and the decree herein be corrected and a decree entered to express the judgment rendered by this Court in the above entitled suit heretofore.'' (Italics ours.)

This motion was supported by an affidavit of said W. H. Fitzgerald to the effect that said satisfaction of judgment was obtained by fraud and that the decree in this cause did not, in truth and in fact, correctly describe the decree made by the court and:

''The decree as entered herein provides that plaintiff pay defendant herein a reasonable attorney fee

in the sum of Seventy-Five ($75.00) Dollars, whereas in truth and in fact the Court decreed that plaintiff pay W. H. Fitzgerald attorney for defendant the sum of Seventy-Five ($75.00), as attorney fees for legal services rendered defendant herein.''

Plaintiff filed a counter-affidavit to the above motion, denying all fraud or misrepresentation in securing the marginal release to the said judgment, and also incorporated therein an affidavit of defendant's as follows:

''The action brought against my former husband, L. D. Carlton, on September 17, 1936, is without my knowledge or consent.

Mr. Fitzgerald is no longer my attorney and does not represent me as I am perfectly satisfied with arrangement and settlement made.

(SIGNED) Helen D. Gilmore
formerly
Helen D. Carlton

Subscribed and sworn to before me this 16th day of September, 1936 A. D.
''NOTARIAL SEAL''

(SIGNED) E. L. LEVY
Notary Public for Oregon
My comm. expires Oct. 22, 1939''

On September 23, 1936, the motion was heard and considered on the affidavits of the respective parties and the court thereupon made the following order:

''IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the marginal satisfaction entered on the 10th day of April, 1936, by defendant, in Circuit Court Journal No. 1603, Page 67, be, and it is hereby vacated, set aside and held for naught, and

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the last paragraph of the decree herein as entered in

the Judgment Docket No. 32, line No. 8, on the 17th day of February, 1936, be corrected to conform to the judgment of the Court as heretofore rendered, in the following particulars, to-wit:

That plaintiff pay W. H. Fitzgerald, attorney for defendant, a reasonable attorney fee in the sum of Seventy-Five and no/100 ($75.00) Dollars, that plaintiff have credit for the sum of Ten and no/100 ($10.00), acknowledged to have been paid by him heretofore, and that the said W. H. Fitzgerald have judgment against L. D. Carlton, plaintiff, for the balance of Sixty Five and no/100 ($65.00) Dollars, and that execution issue therefor.''

From this last order, plaintiff appeals.

Section 6-913, Oregon Code 1930, reads as follows:

''After the commencement of a suit, and before a decree therein, the court or judge thereof, may, in its [or his] discretion, provide by order as follows:

1. That the husband pay, or secure to be paid, to the clerk of the court, such an amount of money as may be necessary to enable the wife to prosecute or defend the suit, as the case may be, and also such an amount of money as may be necessary to support and maintain the wife during the pendency of the suit. * * *''

■ It is only by virtue of the above statute that the court may allow attorney fees to the wife, and this must be done in accordance therewith. In *Billion v. Billion*, 122 Or. 68 (256 P. 389, 256 P. 769), this court said:

''The allowance of attorney's fee and suit money in divorce cases is purely statutory. Unless the statute authorizes it so to do the court is without power to allow attorney's fee to the wife in a divorce suit. Our statute prescribes: [quoting § 6-913, *supra*]'' And see *Corder v. Speake*, 37 Or. 105 (51 P. 647).

■ However, if the order allowing attorney fees is made before the entry of the final decree, said order

may be incorporated in the final decree and judgment entered therefor: *Aldrich v. Aldrich,* 129 Or. 111 (276 P. 267).

■ It will thus be seen that only a wife can be allowed attorney fees in a suit for divorce, and only in the manner prescribed by statute. Nowhere in our code does it provide that judgment for an attorney's fee may be given in favor of the attorney in a suit for divorce.

■ It will be further observed that no order allowing attorney fees was made before the decree. In fact, the order of December 27, 1935, after reciting that a hearing was had on defendant's motion asking for court costs, attorney fees and temporary alimony, ordered that defendant have $20 per month as temporary alimony. Nowhere in the order did it recite that the matter of attorney fees had been resolved and that the order allowing them would be incorporated in the final decree. "It has been uniformly held that an order for attorneys fees can be made only after the commencement of a suit and before the decree. * * *" *Billion v. Billion,* supra.

■ The motion filed August 25, 1936, asking for a modification of the decree and the vacation of the satisfaction of the judgment, shows on its face that it was not made by defendant, but by the attorney who tried the case. The affidavit in support of the motion is made by the attorney and shows that it was not made in the interest of the defendant, but in the interest of the person filing it.

"At anytime after a decree is given, the court or judge thereof, upon the motion of either party, shall have the power to set aside, alter or modify so much of the decree * * *." § 6-915, Oregon Code 1930.

This court, in *Zachary v. Zachary*, 155 Or. 346 (63 P. (2d) 1080, held that only the plaintiff and the defendant in a divorce suit are parties within the meaning of the foregoing section. The terms *plaintiff* and *defendant* cannot be enlarged so as to include the attorneys for the respective parties.

It follows that the court is powerless to enter a judgment in favor of the attorney either in the original decree or by modification thereof.

The decree of the circuit court is reversed and the cause remanded with instructions to vacate the order modifying the decree and reinstate the marginal release and satisfaction of judgment on the judgment docket.

It is so ordered.

BEAN, C. J., and BAILEY and RAND, JJ., concur.