Argued October 27, reversed November 24, rehearing denied December 15, 1914.

CAMERON *v.* PACIFIC LIME & GYPSUM CO.*

(144 Pac. 446.)

**Master and Servant—Injuries to Servant—Factory Act—Employers' Liability Act.**

1. Employers' liability law of 1910 (Laws 1911, p. 16) does not in terms repeal the factory inspection act (Laws 1907, p. 302); but only so much thereof as is inconsistent with the employers' liability law, the primary purpose of the factory inspection act being to safeguard dangerous machinery, the liability provided in Section 8 thereof being based on the neglect of the employer to safeguard any machinery or

*As to the constitutionality, application and effect of the Federal Employers' Liability Act, see note in 47 L. R. A. (N. S.) 38.

For contributory negligence as a defense to an action based on a breach of the master's statutory duty, see note in 49 L. R. A. (N. S.) 526.    REPORTER.

the use of it after receipt of notice to guard it, but when the injury is the proximate result of an omission to guard, and there is a liability concerning matters in conflict with the Employers' Liability Act, the latter controls, and the limitation of liability contained in the factory inspection act has no application.

**Master and Servant—Injuries to Servant—Dangerous Machinery— Failure to Protect—Employers' Liability Act.**

2.   Employers' Liability Act of 1910 is not limited to construction work, but applies also to factories and mills, including failure of owners to protect dangerous machinery.

**Death—Of Servant—Employers' Liability Act—Amount Recoverable.**

3.   Employers' Liability Act of 1910 (Laws 1911, p. 17), Section 4, removes the limitation of recovery in an action for death of a servant, brought under such act, prescribed in cases of wrongful death by Section 380, L. O. L.

**Master and Servant—Injuries to Servant—Defective Appliances— Unguarded Machinery.**

4.   Where, in an action for injuries to a servant by his foot and leg becoming caught in an unguarded conveyor in a gypsum-mill, the complaint alleged that the conveyor could and should have been covered, without interfering with its efficiency, and would have secured protection to plaintiff, which allegation was specifically denied in the answer, and the jury during the trial visited the premises, at which time the conveyor was covered, evidence that it was covered after the accident was admissible.

**Master and Servant—Injuries to Servant—Employers' Liability Act— Defenses—Contributory Negligence—Damages.**

5.   In an action for injuries to a servant under Employers' Liability Act of 1910, contributory negligence is not a defense, but may be considered in fixing damages.

**Damages—Personal Injury—Evidence—Defendant Protected by insurance.**

6.   Where, in an action for injuries to a servant, plaintiff's counsel intentionally pursued a witness on recross-examination until he obtained an answer disclosing that defendant carried employers' liability insurance covering the accident, the admission of such evidence over objection was error.

From Baker: GUSTAV ANDERSON, Judge.

In Banc.   Statement by MR. JUSTICE EAKIN.

This is an action by Roy E. Cameron, against the Pacific Lime & Gypsum Company, a corporation, for personal injuries.   The defendant was the owner and operator of a plaster-mill for milling a product of gypsum rock; the rock being subjected to great heat

and reduced to a powder.   Machinery is operated in
a room about 100 feet long, and the gypsum is carried
from the hot-pits by means of conveyors constructed
about 18 inches from the floor.   A steel spiral attached
to a shaft inclosed in a steel case removes the gypsum
from said hot-pits through openings regulated by slid-
ing doors.   Plaintiff's labor consisted in attending
said hot-pits and the conveyor.   At the time of the
injury his foot and leg were caught by said revolving
conveyor and crushed, bruised and burned, whereby he
lost the limb.   It is alleged in the complaint that said
conveyor should have been covered and made safe for
plaintiff's working thereat; that it was open and ex-
posed and involved great risk and danger to him.   The
action was tried by a jury, and a verdict rendered for
plaintiff in the sum of $12,888.   From a judgment
thereon defendant appeals.

REVERSED.   REHEARING DENIED.

For appellant there was a brief with oral arguments
by *Mr. John L. Rand* and *Mr. William J. Claassen.*

For respondent there was a brief with oral argu-
ments by *Messrs. McColloch & McColloch.*

MR. JUSTICE EAKIN delivered the opinion of the
court.

At the trial defendant moved the court for an order
requiring the plaintiff to elect whether he would pro-
ceed with the trial under the factory inspection law
of 1907 or under the employers' liability law of 1910.
This motion was denied by the court, which is assigned
as error.   The purpose of the factory inspection act
(Laws of 1907, p. 302) was primarily intended to effect
a safeguard of all dangerous machinery through the

inspection thereof by the labor commissioner. A penalty is provided for disregarding its provisions or a violation thereof. It also provides for a liability against the person who neglects to safeguard any machinery or omits to comply with any of the provisions of the act, limiting the liability in such case to $7,500. The act does not expressly provide any new defenses, but eliminates the defense of assumed risk, as decided in *Hill* v. *Saugested*, 53 Or. 178 (98 Pac. 524, 22 L. R. A. (N. S.) 634, note). See, also, *Love* v. *Chambers Lumber Co.*, 64 Or. 129 (129 Pac 492). The employers' liability law seems to cover some of the same matters provided for in the factory act, namely:

"All owners * * engaged in the * * operation of any machinery * * shall see that * * all dangerous machinery shall be securely covered and protected * * and generally, all owners, * * having charge of, * * any work involving a risk * * to the employees * * shall use every * * care * * for the protection * * of life and limb. * * "

Evidently the purpose of that act contemplated not only the protection of laborers in construction work, but makes the law broad enough to include laborers in factories and mills wherever machinery is used. Prior to the enactment of the factory inspection act, by Section 380, L. O. L., a limitation was placed upon the right of recovery of damages for personal injuries in the case of death; but in cases of personal injury not resulting in death the amount of the recovery was unlimited, and remained the rule until the enactment of the factory inspection act of 1907. Section 8 of that act provides:

"Any person, firm, corporation or association who violates or omits to comply with any of the foregoing requirements or provisions of this act, and such viola-

tion or omission shall be the approximate cause of any injury to any employee, shall be liable in damages to any employee who sustains injuries by reason thereof; provided, the amount of damages which any one person may recover * * is hereby expressly limited to the sum of $7,500.''

Section 9 provides:

''No action for the recovery of compensation for injury under this act shall be maintained unless notice of the time, place and cause of injury is given to the employer within six months, and the action is commenced within one year from the occurrence of the accident causing the injury.''

If the requirements of Section 9 are not complied with, then the failure to comply with the requirements of the act cannot be proved as a basis of recovery unless the same facts would be competent under the common law or some other statute; and, if the action is not brought thereunder, the limitation therein provided can have no application. In the Employers' Liability Act the limitation provided by Section 380, L. O. L., was expressly removed so that now, when the remedy is at common law or under the Employers' Liability Act, the amount of recovery is unlimited. The Employers' Liability Act specifically enumerates what are to be safeguarded, to wit:

'' * * In the construction * * or operation of any machinery (the owner) * * shall see that all * * material (used) * * shall be carefully selected; * * all scaffolding * * shall be constructed to bear four times the maximum weight to be sustained; * * all scaffolding * * 20 feet from the ground * * shall be secured from swaying; * * all dangerous machinery shall be securely covered; * * all shafts * * shall be inclosed; * * all machinery * * shall * * be provided with a system of communication; * * and generally, all owners * * having charge of * * any work involving

a risk or danger * * shall use every * * care * * for the protection * * of life. * * "

1. Thus we see that it not only relates to construction work, but includes mills and factories. It also eliminates the defenses of negligence of fellow-laborers, assumed risk, and contributory negligence as a complete defense, although the last may be shown in reduction of damages. The Employers' Liability Act does not in terms repeal the factory inspection act, but so much of it as is inconsistent therewith. In the former the primary purpose of the act was to safeguard dangerous machinery, and the liability provided in Section 8 is on account of the neglect of the employer to safeguard any machinery or for using the same after having received notice to guard it. Where the injury is the proximate result of such omission to safeguard, there is liability; but in matters conflicting with the Employers' Liability Act the latter will control. The limitation under the former act can apply only to actions expressly provided for thereunder: See *Rogers* v. *Portland Lumber Co.,* 54 Or. 390 (102 Pac. 601, 103 Pac. 514). In this case the action was expressly brought under the Employers' Liability Act, and the defendant was not prejudiced by the denial of his motion to require plaintiff to elect under which statute he would proceed. Defendant admits in his brief that the action was not brought under the 1907 statute, nor was the complaint sufficient to maintain the action thereunder; and plaintiff's remedy was not exclusively under the common law, as insisted by defendant's counsel, nor could the common-law defenses be urged thereto, they being expressly excluded by the terms of the Employers' Liability Act, the title of which clearly indicates that it is intended to include mills and factories, reading:

"An act providing for the protection and safety of persons engaged in the construction, repairing, alteration, or other work, upon buildings, bridges, viaducts, tanks, stacks, and other structures, or engaged in any work upon or about electric wires, or conductors or poles, or supports, or other electrical appliances or contrivances carrying a dangerous current of electricity; or about any machinery or in any dangerous occupation, and extending and defining the liability of employers in any or all acts of negligence or for injury or death to their employees, and defining who are the agents of the employer, and declaring what shall not be a defense in actions of employees against employers, and prescribing a penalty for a violation of the law."

The text of the act conveys the same idea. The general clause in the last part of the first section shows a purpose to apply not only to construction work, but to the operation of permanent plants.

2. Defendant insists that the factory act relates only to mills and factories, and that the Employers' Liability Act applies exclusively to construction work; that plaintiff's cause of action as shown by the complaint is for the injuries received in a mill or factory, and that no remedy exists under the employers' liability law therefor; and that the omission to make sufficient allegations to bring it under the factory inspection act necessarily makes his remedy under the common law. This construction might be tenable if he were correct in the assertion that the Employers' Liability Act applies only to construction work; but, as we have seen, this statute is broad enough to include factories and mills. The defenses pleaded by the answer are only admissible under the common law, and therefore are entitled to no consideration.

3. By Section 4 of the Employers' Liability Act the limitation of recovery under Section 380, L. O. L., is

removed in a case resulting in death. The recovery under the factory act which is limited is for a violation or omission to comply with the requirements thereof in case the injury is the proximate cause of such omission or violation. In this case the injury is not predicated upon such violation or omission.

4. Defendant urges that error was committed in permitting the plaintiff to prove that the conveyor was covered after the accident. The evidence tended to show that the jury during the trial visited the premises where the injury occurred, and at that time the conveyor was covered, and not in the condition it was at the time of the accident. Also, the complaint alleges that the conveyor could and should have been covered and protected and made safe without any interference with the efficiency of the machine, and would have secured protection to the life and limb of plaintiff. This allegation of the complaint is generally and specifically denied in the answer, which made an issue the burden to prove which was upon plaintiff. Defendant in his brief concedes that it is admissible to prove repairs or alterations upon the machinery after the accident. "Where it is alleged by the plaintiff that the machinery could be safeguarded and denied by the defendant, then such evidence of repairs is admissible; (3) where the machinery or appliances have been inspected by the jury, for the purpose of explaining to the jury the condition of the machinery at the time of the accident; (4) where the defendant has alleged that he did provide the best appliances obtainable, then such evidence is admissible upon that issue." This case did involve these issues; and all of these exceptions make proof of repair admissible, and there is no merit in the exceptions.

The proof of negligence in failing to cover the conveyor was sufficient to require that issue to be presented to the jury, and the motions for nonsuit and for a directed verdict were properly denied.

5. We having already determined that the action is properly brought under the Employers' Liability Act, contributory negligence is not a defense, but may be taken into consideration by the jury in fixing the amount of damages.

As to exception 5, that the court erred in permitting plaintiff to give testimony that other kinds of cover for the conveyor than that provided by the defendant were practicable, such testimony was not prejudicial. The defendant having denied that any covers could be used without destroying the efficiency of the machines, and it not being contended that there were any covers in use at the time of the accident, the evidence was admissible.

6. Concerning exception 6 as to the action of plaintiff's counsel in securing from a witness a statement which disclosed that defendant carried indemnity insurance, when counsel for plaintiff asked the question and secured from the witness that statement, counsel for defendant objected, for the reason that it was incompetent, irrelevant and immaterial. The cross-examination of the witness upon this matter shows an intentional effort to gain information about the insurance:

"Recross-examination.

"Q. How did you happen to write this statement down there and sign it?

"A. I was asked for the statement.

"Q. By whom?

"A. By Mr. Claassen.

"Q. How did you happen to render him a statement?

"A. He asked me for the information.

"Q. Would you have given any one a statement that came along the river in a rowboat?

"A. No, sir.

"Q. How did you happen to give him the statement?

"(Objected to as incompetent, irrelevant and immaterial).

"The Court: He may answer.

"(Exception taken by counsel for defendant, which is duly allowed by the court).

"A. He convinced us he was representing the insurance company.

"Q. Did he write it, or did you?

"A. Mr. Claassen wrote the statement."

This court has on several occasions criticised attorneys for purposely attempting to bring to the knowledge of the jury some information that defendant carried indemnity insurance against damages by reasor of accident: *Tuohy* v. *Columbia Steel Co.*, 61 Or. 527 (122 Pac. 36); *Putnam* v. *Pacific Monthly Co.*, 68 Or. 36 (130 Pac. 986, 136 Pac. 835, 45 L. R. A. (N. S.) 338). In the latter case Justice BURNETT says:

"A defendant is not to be mulcted because he is prudent enough to provide in advance by insurance against adverse contingencies in business."

Mr. Justice McBRIDE, in. *Tuohy* v. *Columbia Steel Co.*, 61 Or. 527 (122 Pac. 36), says:

"It has been frequently held that a willful attempt by a plaintiff in a personal injury case to show that the defendant was protected by insurance constitutes reversible error. The ground of this holding is that a knowledge that the defendant has such protection might have a tendency to render jurors careless as to the amount of the verdict."

And litigants are not excusable in the face of these decisions in ignoring them. In *Shay* v. *Horr,* 78 Wash. 669 (139 Pac. 605), it is said:

"It is evident that, notwithstanding the rulings of this court, counsel for respondent and his witnesses intended the jury should fully realize that appellant was protected by some form of insurance. That their efforts to do so constitute prejudice and reversible error cannot be denied under the previous rulings of this court."

Thus we find that plaintiff committed reversible error in persisting that the witness say that Claassen wanted the information for the insurance company.

Defendant also excepts to the refusal of the court to give the instructions requested by him. These requests are all applicable, if at all, under the defendant's theory that the case should be tried under the common law, and not under the Employers' Liability Act; and, this court having held that this case properly proceeded under the latter, the requested instructions were not pertinent, and the instructions given by the court were proper for the same reason.

For the error in producing before the jury evidence that the company was carrying insurance, the judgment of the lower court will be reversed and the cause remanded.

REVERSED and REMANDED.    REHEARING DENIED.

MR. JUSTICE McNARY dissents.