Argued March 16, affirmed March 30, 1915.

# WALLING v. PORTLAND GAS & COKE CO.

### (147 Pac. 399.)

**Trial—Personal Injuries—Indemnity Insurance.**

1. A willful attempt by plaintiff in a personal injury case to get before the jury the fact that defendant is protected by indemnity insurance is reversible error.

**Trial—Personal Injuries—Indemnity Insurance.**

2. Where a physician, who had not been called by plaintiff, suing for a personal injury, testified on direct examination as a witness for defendant that he had made more than one examination of plaintiff, and as an expert expressed an opinion as to the nature, extent, and seriousness of the injury, plaintiff, on cross-examination, could show the physician's motives and interest, though it was thereby shown that he was a representative of some insurance company.

> [As to evidence admissible to show bias or credibility of witness, see note in 82 Am. St. Rep. 25.]

**Trial—Improper Argument of Counsel—Instructions.**

3. The action of counsel for plaintiff in a personal injury case in referring in his argument to a physician as the physician for an insurance company was improper; but, where the court promptly and clearly directed the jury to disregard the same, the misconduct was not ground for reversal.

> [As to misconduct in argument warranting new trial, see notes in 9 Am. St. Rep. 559; 56 Am. Rep. 814.]

**Trial—Instructions—Requests—Necessity.**

4. Where an instruction on the measure of damages for a personal injury was correct, the party desiring a more specific instruction must request it.

**Trial—Instructions—Refusal of Instructions Covered by Charge Given.**

5. It is not error to refuse instructions fully covered by instructions given.

From Multnomah: WILLIAM N. GATENS, Judge.

Department 2.      Statement by MR. JUSTICE BENSON.

This is an action by W. C. Walling against the Portland Gas & Coke Company, for damages for personal injuries suffered by plaintiff, which he alleges occurred substantially as follows: The plaintiff, on the evening of October 25, 1913, was driving an automobile on the Linnton road, going in the direction of the City of Portland; that about 5:30 P. M. he stopped his car on the extreme right or west side of the road, for the purpose of lighting his lamps; that his car was so placed as to leave ample room for other travelers to pass without collision; that while he was so engaged, and standing at the rear of his car, a servant of defendant, driving defendant's car and going in the same direction, negligently collided with plaintiff and his car, causing the injuries complained of. Defendant denies any negligence upon its part, and alleges that the injuries were caused by the negligent acts of the plaintiff himself. From a judgment in favor of plaintiff, defendant appeals.                                        AFFIRMED.

For appellant there was a brief with oral arguments by *Mr. John Van Zant* and *Mr. Albert H. Tanner.*

For respondent there was a brief over the names of *Mr. Isham N. Smith* and *Mr. Edwin V. Littlefield,* with an oral argument by *Mr. Smith.*

MR. JUSTICE BENSON delivered the opinion of the court.

Dr. McCorkle was called as a witness by the defendant, and testified that he had visited plaintiff professionally on two occasions, and gave some evidence as

to his condition and the permanency of his injuries. Upon cross-examination the following questions and answers occurred:

"By Mr. Tanner:

"Q. For whom did you make this examination of Mr. Walling?

"A. Mr. McDonald called me to see the man.

"Q. Who is Mr. McDonald?

"A. He is a friend of mine; I don't know, I think he represents the insurance company here.

"Q. Did you know for whom you were acting?

"A. He is the man who called me.

"Q. What insurance company do you mean?

"A. I don't know anything about that.

"Q. Have you been acting for that insurance company in any other cases?"

1, 2. To the first and last of these questions the defendant objected. The first was overruled, the last was sustained, and the question was not answered. This assignment of error may be considered with assignment No. 5, which is that when Mr. Van Zante, counsel for plaintiff, was addressing the jury he used this language: "We also have the testimony of Dr. McCorkle, who is the physician for the insurance company," which was excepted to by defendant's counsel, who then asked the court to withdraw the case from the jury on account of the prejudice arising from the language used. The court denied the request, but instructed the jury quite clearly that there was no question of insurance to be considered by them, and that there was no evidence that defendant was in any way protected by insurance. It has been repeatedly held by this court that a willful attempt by a plaintiff in a personal injury case to get before the jury the fact that defendant is protected by indemnity insurance is re-

versible error: *Tuohy* v. *Columbia Steel Co.*, 61 Or. 531 (122 Pac. 36); *Putnam* v. *Pacific Monthly Co.*, 68 Or. 36 (130 Pac. 986, 136 Pac. 835, Ann. Cas. 1913C, 256, 45 L. R. A. (N. S.) 338); *Cameron* v. *Pacific Lime & G. Co.*, 73 Or. 510 (144 Pac. 446). However, as is well said by Mr. Justice McBRIDE, in the case of *Tuohy* v. *Columbia Steel Co.*, 61 Or. 531 (122 Pac. 36):

"But the rule is not universal. * * The witness was an attorney, and the fact that as such, and acting for an insurance company, he had procured a statement from a prospective witness in regard to certain facts, was admissible to show his motive and interest in the case."

In the case at bar, a physician who had not been called by plaintiff said that he had made more than one examination of the injured man, and, testifying as an expert witness, expressed an opinion as to the nature, extent, and seriousness of the wounds from which he was suffering. Under these circumstances, the plaintiff certainly had a right to cross-examine the physician as to his motives and interest, and if such proper questioning elicited the fact that he had been employed by a man whom he thought was a representative of some insurance company, no blame can attach to plaintiff's counsel.

We do not wish to be understood as approving or countenancing the shifty tactics of an attorney, who in bad faith seeks, under the guise of an innocent cross-examination, to get before the jury evidence which he knows is not properly admissible; but we do not regard this incident as one of that class.

3. We are compelled to say that the action of counsel in referring to Dr. McCorkle as "the physician for the insurance company" was reprehensible for the reasons above indicated, and for the further reason that

there was no testimony in the record justifying such a
statement.    However, the court very promptly and
clearly instructed the jury to disregard the same, and
advised them that there was no evidence of any insur-
ance in the case, so we conclude that under the circum-
stances the court properly denied the motion to with-
draw the case from the further consideration of the
jury.

Referring to the second assignment of error, it is
needless to say more than that the question itself was
argumentative, and the answer, while to an extent hear-
say, was responsive to the spirit of the question.    It
should have been stricken out, but is of so slight im-
portance that it could not in any event be ground for a
reversal.

Assignments 3 and 4, being defendant's motions for
a nonsuit and for a directed verdict, may be considered
together, as they are both based upon the insufficiency
of the evidence.    We have read the transcript of the
testimony very carefully, and it would be a useless task
to enlarge upon the details here.    It is enough to say
that there is ample evidence to justify the submission
of the case to the jury, and the court properly denied
both motions.

4. The sixth assignment is an exception to the in-
struction given by the court as to the measure of dam-
ages.    If counsel for defendant had prepared and sub-
mitted a proper instruction, which would explain clear-
ly to the jury the arithmetical process of computing the
present value of plaintiff's earning capacity, in accord-
ance with defendant's theory, it doubtless would have
been given to the jury by the court, but there is no
error in the instructions as given.

5. The seventh assignment relates to the instruc-
tions requested by defendant and refused by the court.

The first of these is substantially a directed verdict, and has already been discussed. The second and third are fully covered by the instructions which were given.

It follows that the judgment should be affirmed, and it is ordered.             AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BEAN and MR. JUSTICE HARRIS concur.