# CHARLESTON.

MAGDALENE WILKINS, *Who Sues etc.* v. J. H. SCHWARTZ.

(No. 5567.)

Submitted March 31, 1926.   Decided April 6, 1926.

1. APPEAL AND ERROR—TRIAL—*Jury Should Not in Any Manner be Apprised of Fact That Defendant is Protected by Indemnity Insurance; Apprising Jury of Fact That Defendant is Protected by Indemnity Insurance by Plaintiff or His Counsel Ordinarily Constitutes Reversible Error, Notwithstanding Court's Instruction to Jury Not to Consider it.*

   The jury should not in any manner be apprised of the fact that the defendant is protected by indemnity insurance, and such action on the part of plaintiff or his counsel will ordinarily constitute reversible error, notwithstanding the court may instruct the jury not to consider the same in arriving at a verdict.   (p. 340.-

   (Appeal and Error, 4 C. J. § 2972.   Liability Insurance, 36 C. J. § 128.)

2. TRIAL—*Presence of Witness in Court at Time of Trial is Evidence of Party's Diligence in Procuring His Attendance; Where Witness, Present in Court, Absents Himself During Trial Without Procurement of Party, Latter is Entitled to Postponement and Possibly Continuance, Unless Negligent.*

The presence of a witness in court at the time of the trial is evidence of a party's diligence in procuring his attendance, and where such witness absents himself during the trial without the procurement of the party, the latter is entitled to postponement and possibly a continuance, unless he was negligent in not sooner discovering such witness' absence, or in making no effort to detain him. (p. 339.)

WOODS, JUDGE, absent.

(Continuances, 13 C. J. § 85. Trial, 38 Cyc. p. 1300.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Mingo County.

Trespass on the case by Magdalene Wilkins, an infant, suing by her next friend, Helen Wilkins, against J. H. Schwartz, for personal injuries. Judgment for the plaintiff, and defendant brings error.

*Reversed and remanded.*

*William H. Hogg*, for plaintiff in error.

*Lafe B. Chafin*, for defendant in error.

LITZ, PRESIDENT:

The plaintiff, Magdalene Wilkins, an infant suing by her next friend, Helen Wilkins, in trespass on the case, recovered a verdict and judgment against the defendant J. H. Schwartz in the amount of $1,500.00 for personal injury sustained by her while riding in his automobile; to which judgment he prosecutes error.

The accident occurred in the town of Williamson, August 20, 1924. Magdalene Wilkins, a child of about eight years of age, visited the defendant's home in the city on that morning. She states that soon after arriving the defendant requested her to accompany his chauffeur, Clyde Litteral, in the automobile to a certain section of the city for the purpose of pointing out to the driver the home of Frank Schwartz. While driving in an easterly direction on East Fourth Avenue at a speed of from ten to twenty miles per hour, Litteral saw an automobile operated by Dave Lloyd approaching from the

east twenty-five or thirty miles an hour. In front of Litteral, on the right, a truck was parked, and immediately ahead another truck was slowing down to stop along the right curb. On the opposite side of the street was parked a third truck. As the space between the trucks on either side was apparently insufficient for two cars to pass each other, the defendant's chauffeur drove to the left beyond the truck on that side of the street, to avoid a collision with Lloyd's car, and by so doing ran into an electric light pole near the curb, causing the plaintiff to be thrown against the windshield of the car and sustain serious cuts about the face and head.

The refusal of the court to postpone the trial on account of the absence of a witness for the defendant, who had been summoned and was in attendance at the beginning of the trial; and the improper cross-examination of the defendant as a witness in his own behalf, constitute the grounds of error chiefly relied on for reversal.

The chauffeur, Clyde Litteral, who had been summoned as a witness on behalf of the defendant, was in the court room at the beginning of the trial. At the close of plaintiff's evidence it was discovered that he had disappeared, whereupon the court instructed the sheriff to bring him into court, and the defendant to proceed with his evidence, with leave to introduce said witness as soon as he was returned into court. After the defendant had completed his case with the exception of the testimony of said witness, the sheriff announced that the witness could not be found; thereupon the defendant moved the court to postpone or pass the further trial of the case until such time as the witness could be found and returned into court. The motion was overruled. It seems that all of the evidence was taken in a few hours, and that there was no duty on the part of defendant, under the circumstances, to have the witness guarded as there was nothing to show that his disappearance could have been anticipated. He was evidently a very important witness for the defendant, and the court should have at least delayed further trial of the case until proper effort had been made to ascertain whether his attendance could have been procured. The presence of a witness in court at the time of the trial is evidence of a

party's diligence in procuring his attendance, and where such witness absents himself during the trial without the procurement of the party, the latter is entitled to postponement and possibly a continuance, unless he was negligent in not sooner discovering such witness' absence, or in making no effort to detain him. 13 C. J. 163; 20 R. C. L. 236; Hilliard New Trials, 2d ed., p. 536.

It was shown on cross-examination of the defendant that he had given bond for the operation of the automobile as a taxi, and among other questions, asked apparently for the purpose of indicating to the jury that he was protected by indemnity insurance, counsel for plaintiff inquired: ''Have you or your lawyer, or the insurance company, had doctors to examine this little girl in the last few weeks?'' Objection to this question by the defendant was sustained, and the court told the jury that ''any reference to any insurance will be disregarded by the jury in this case, or any arrangement that the defendant might have had with the insurance company as to the bond''.

We think that the course of the examination, considered in connection with the instruction of the court, was sufficient to indicate to the jury that the defendant was protected by indemnity insurance, constituting reversible error. The jury should not in any manner be apprised of the fact that the defendant is protected by indemnity insurance, and such action on the part of plaintiff or his counsel will ordinarily constitute reversible error, notwithstanding the court may instruct the jury not to consider the same in arriving at a verdict. *Moorefield* v. *Lewis,* 96 W. Va. 112; and our two recent cases, not yet published: *Adams* v. *Cline Ice Cream Company,* wherein counsel for plaintiff while examining the jury on their *voire dire* indicated that the defendant carried indemnity insurance, and it was held to be reversible error notwithstanding the court instructed the jury to disregard the reference to indemnity insurance on the examination; and *Atkins* v. *Bartlett,* in which it was held that the plaintiff's voluntary statement to the jury that the defendant said he had indemnity insurance, after an admonition of the court to the effect that matters of insurance should not be brought

into the case, constituted reversible error. With reference to the impossibility of eradicating from the minds of the jury the prejudicial result of such evidence, Judge MILLER, in *Christie* v. *Mitchell,* 93 W. Va. 200, said: "The effect thereof could not have been wholly cured by the rulings of the court that the questions were improper, and by telling the jury not to regard the answers".

The judgment of the circuit court will be reversed, the verdict of the jury set aside, and the defendant awarded a new trial.

*Reversed and remanded.*