Argued July 8, reversed September 14, rehearing denied October 5, 1926.

# MARJORY ROSS v. WILLAMETTE VALLEY TRANSFER CO.

## (248 Pac. 1088.)

**Negligence.**

1. Violation of statute is negligence.

**Negligence—Negligence is Wrong Which may Arise from Violation of Natural Right or of "Statute."**

2. Neligence, which is proximate cause of injury to party, is wrong to such party, which may arise from violation of natural right or from violation of "statute," which is rule prescribed by supreme power of state, commanding what is right and prohibiting what is wrong.

**Automobiles—On Evidence Showing Defendant's Truck had No Light on Rear, Denying Motion for Nonsuit Held not Error, Though Automobile Occupant's Injury Resulted from Concurring Negligence of Drivers (Laws of 1921, p. 707, § 3, Subd. 5 [c]).**

3. In action for injuries in collision with defendant's truck, on evidence showing that truck had no light on rear, as required by Laws of 1921, page 707, Section 3, subdivision 5 [c], even if injury was product of concurring negligence of defendant and of driver of automobile in which plaintiff rode, denying motion for nonsuit and motion for directed verdict was not error.

**Trial—Where Neither Original nor Imputed Negligence of Infant Plaintiff was Alleged, Instruction That Negligence, if Any, of Driver of Automobile in Which She Rode, Could not be Imputed to Her, was Improper.**

4. In action for personal injuries in collision with motor-truck, where neither original nor imputed negligence of infant plaintiff was alleged or intimated, instructing that negligence, if any, of driver of automobile in which she rode, could not be imputed to her, even though correct, was abstract proposition of law, was improper.

**Automobiles.**

5. Defendant, operating motor-truck, has burden of proving allegation that negligence of driver of automobile was proximate cause of collision injuring occupant of automobile.

1. See 20 R. C. L. 38.
2. See 20 R. C. L. 9.
4. See 14 R. C. L. 782.

Trial.

6. In action for personal injuries in collision with defendant's motor-truck, permitting testimony over objection that truck had on it words "insured carriers" was reversible error.

Trial.

7. In action for personal injuries in automobile accident, it is error to prove that defendant was insured.

Motor Vehicles, 28 Cyc., p. 37, n. 19.
Negligence, 29 Cyc., p. 487, n. 19, p. 600, n. 56, p. 648, n. 74.
Trial, 38 Cyc., p. 1416, n. 32.

From Lane: G. F. Skipworth, Judge.

Department 1.

REVERSED. REHEARING DENIED.

For appellant there was a brief over the names of *Messrs. Potter, Foster & Immel* and *Messrs. Winter & Maguire,* with an oral argument by *Mr. Robert F. Maguire.*

For respondent there was a brief over the names of *Mr. C. A. Hardy* and *Mr. S. M. Calkins,* with an oral argument by *Mr. Hardy.*

BURNETT, J.—The plaintiff, a child ten years of age appearing by her father as guardian *ad litem,* sues the defendant corporation for damages suffered by her in a collision of her father's automobile with the rear end of a trailer attached to one of the trucks of the defendant. The substance of the complaint is that defendant was operating a truck on the highway a short distance north of Eugene on the night of October 14, 1923. The night was dark and rainy, so that it was difficult to see and the rain blurred the wind-shields of both the truck and the automobile. As grounds of negligence attributed to the defendant, it is said, in substance, that defendant operated the

truck without a red light on the rear thereof; that it negligently stopped and parked the truck on the paved highway so that it was standing still on the east side of the pavement with the left wheels on the pavement so that the body protruded over the pavement for a distance of more than five feet. It is said that the plaintiff was traveling with her father in his Overland automobile and, on account of the darkness and the glare of the other automobile lights coming toward them, and the dimming of his own lights, together with the blurring of the wind-shield by the rain, he was unable to see the truck of the defendant and so collided with it, resulting in the injury of the plaintiff.

The answer denies the complaint entirely except the existence of a corporation, the age of the plaintiff and the appointment of her guardian *ad litem.* The answer affirmatively attributes to the negligence of the father, exclusively, the injury which happened to the plaintiff in the collision, in that he drove his automobile at a time when he could not see where he was going. All this was traversed by the reply.

The essence of the contention is that the plaintiff says the accident happened solely on account of the negligence of the defendant. On the other hand, the defendant denying the affirmance of its own negligence, says that the accident happened solely on the negligence of the plaintiff's father. That is the essence of the issue.

1, 2. It is admitted in the evidence that there was no red light on the rear of the trailer but that on the left side thereof about two feet from the back end was a red light which the defendant says was visible to anyone following the truck. There is a dispute in the testimony about the visibility or existence of the light. It is well settled in this state that the viola-

tion of a statute is negligence: *Speight* v. *Simonsen,*
115 Or. 618 (239 Pac. 542). Negligence which is the
proximate cause of an injury to a party is a wrong to
that party. The wrong may arise from violation of a
natural right or from the violation of a statute which
is "a rule prescribed by the supreme power of the
state commanding what is right and prohibiting what
is wrong."

3. The statute, embodied in Chapter 371, Laws of
Oregon of 1921, Section 3, paragraph 5, subdivision
(c), requires that:

"Every motor vehicle, tractor, trailer or semi-
trailer, when on the highways of this state at night,
shall have on the rear thereof and to the left of the
axis thereof, or in the center of the rear of such ve-
hicle, one lamp capable of displaying a red light
visible for a distance of at least 100 feet behind such
vehicle; * * ."

Because the defendant did not have a red light on
the rear of its truck, or the trailer thereof, it was
guilty of negligence and as thus expressed, if it was
the proximate cause of the injury to the plaintiff,
she is entitled to recover, other things being regular.
The contention of the defendant is that the proximate
cause of the injury was the negligence of the plain-
tiff's father who was driving the automobile, in that
it was admitted in the testimony that the night was
dark and rainy, that his wind-shield was so blurred
by the rain that he could not see distinctly and that
his vision was impaired by the glare of the headlights
of oncoming automobiles meeting him, so that, as he
says, he did not see the defendant's truck until he was
within five or six feet of it, whereby the collision
resulted. It is argued that in a large degree at least
he was as one driving in the night blindfolded. We
may say there is evidence tending to show the father

was negligent, but in that respect the best that can be said for the defendant in view of the verdict for the plaintiff is that the injury was the product of the concurring negligence of the defendant and of the father, There is testimony to the effect that there was no red light visible on the defendant's truck and assuredly there was none on the rear. This negligence at least was operant all through the transaction.

In a dispute on a kindred question in *Murphy* v. *Hawthorne*, 117 Or. 319 (244 Pac. 79), 99 Cen. L. J. 226, respecting the negligence of the party driving the car which overtook and collided with a stationary truck, Mr. Justice Belt said:

" * * Plaintiff had a right to assume, in the absence of notice to the contrary, that defendant would not put this dusty, gray colored truck on the highway after dark without displaying a red light on the rear thereof. If the truck had been lighted, the jury might well have drawn the reasonable inference that plaintiff would have been able to avoid striking it," citing authorities.

In *Louisville Home Telephone Company* v. *Gasper*, 123 Ky. 128 (93 S. W. 1057, 9 L. R. A. (N. S.) 548), Mr. Justice Settle discusses a case where the negligence of two different persons acting independently of each other caused the injury to the plaintiff. There a wagon driven carelessly through an alley struck a guy wire of the telephone company, which was so placed that it was difficult to observe, and the result was the wagon was overturned and struck the plaintiff. The court said:

"Manifestly, the injury complained of by appellee would not have been inflicted but for the negligence of the driver of the wagon; but this is not truer than the further fact that the accident would not have occurred, notwithstanding the negligence of the

driver, had not the original or primary negligence of appellant operated to bring it about. In other words, appellee was injured by the immediate negligence of the driver of the wagon, and the primary negligence of appellant; the negligence of the two concurring to cause it, and the injury being such as the maintainer of the dangerous obstruction in the alley ought to have anticipated, as likely to occur from its existence.''

With these principles in view, the court was not in error as contended by the defendant in denying its motion for judgment of nonsuit at the close of plaintiff's case or the motion for a directed verdict in! favor of the defendant at the close of all the evidence.

Error is predicated on the court instructing the jury that when the statute says there should be a red light on the rear of the truck, it means the rear, or the hindmost part of the car, but does not mean on the left of the car, and the court charged the jury that if the truck was not so equipped, the defendant would be negligent.

4. It is said the court was wrong in instructing the jury thus:

''I instruct, that Marjory Ross is a child of tender years, being at the time of the accident ten years of age, and any negligence of E. E. Ross, if he was negligent, could not be imputed to Marjory Ross, as contributory negligence on her part.''

There was no issue respecting contributory negligence in the case. It is true as an abstract proposition of law that under the circumstances of this case the negligence of the driver of the automobile could not be imputed to the plaintiff, but that was not the question. The question was whether the negligence of the defendant or the negligence of the father caused the damage. Negligence of the plaintiff her-

self, whether original or imputed, was not alleged nor intimated. The jury might easily be confused by this instruction and induced to think that the negligence of the father had nothing to do with the case. The defendant was entitled to a fair instruction on the plain issue of whose negligence caused the injury. If the injury was attributable, either in whole or in part, to the negligence of the defendant, the plaintiff would be entitled to recover, but on the other hand, if the injury was caused exclusively by the negligence of the father, the defendant was entitled to a verdict. It has often been held that instructions on abstract propositions of law not embraced in the pleadings constitute reversible error.

5. There was no error, as claimed by the defendant, in the instruction of the court to the jury that the burden of proof was on the defendant to establish that the proximate cause of the accident was the negligence of E. E. Ross, the driver of the car. The defendant had alleged just that thing—that the proximate cause of the accident was the father's negligence, and so it was incumbent upon it to prove it by the preponderance of the testimony.

6. During the examination of the father as a witness for the plaintiff, counsel for the plaintiff elicited from him a statement that on the truck in question in large letters was the name "Willamette Valley Transfer Company." This went in without objection as tending in some degree to prove that the defendant was operating the truck. Later on, in cross-examination of the driver of the truck who appeared as a witness for the defendant, he testified as follows:

"Q. Now, during the time that you operated it up and down that highway, did that truck have any legend printed on the side of it?

119 Or.—26

"A. Yes, sir.

"Q. Will you tell the jury what was printed on the side of it?

"A. Willamette Valley Transfer Company.

"Q. That was not all, was it?

"A. No, sir.

"Q. What else?

"A. Insured carriers.

"Q. What else?

"A. Portland, Salem, Eugene."

7. Counsel for defendant moved to strike out the testimony as to "insured carriers." The objection was overruled and exception taken. It has been held many times that it was error to prove that the defendant was insured. It has a tendency to tempt jurors to return a verdict for large damages on the theory that the defendant will not have to pay for the judgment, but that it will be liquidated by an insurance company: *Tuohy* v. *Columbia Steel Co.,* 61 Or. 527 (122 Pac. 36); *Walling* v. *Portland Gas & Coke Co.,* 75 Or. 495 (147 Pac. 399); *Cameron* v. *Pacific Lime & Gypsum Co.,* 73 Or. 510 (144 Pac. 446, Ann. Cas. 1916E, 769); *Vasquez* v. *Pettit,* 74 Or. 496 (145 Pac. 1066, Ann. Cas. 1917A, 439); *Jones* v. *Sinsheimer,* 107 Or. 491 (214 Pac. 375); *Birch* v. *Abercrombie,* 74 Wash. 486 (133 Pac. 1020, 50 L. R. A. (N. S.) 59); *Shay* v. *Horr,* 78 Wash. 667 (139 Pac. 604).

The question was whether the defendant was negligent. Its insurance would neither add to nor detract from its conduct on the occasion of the accident. It would be just as negligent, and no more, insured, as it would be if it had not been insured. The plaintiff's hurt was neither aggravated nor palliated by any insurance of the defendant. The information about insurance was not brought out unwittingly or to show

in good faith the bias of a juror or a witness, as in cases where we have excused or overlooked the matter. There was no occasion for asking the question, for the fact of the name of the defendant being on the truck had been brought out as a part of the plaintiff's case in chief and had been corroborated by the previous answers of the witnesses. Only after the witness had been placed on cross-examination was it disclosed that the words "insured carrier" were on the truck. Clearly, this was not a matter of mere inadvertence. It constitutes reversible error. To tolerate the violation of precedents already established in this state on that point would be to put a premium on conduct condemned in all cases where we have discussed the question. It is as wrong to mulct an insured defendant in heavy damages as it would be to visit them upon an uninsured party. The law should treat all persons in the same situation alike and it is not by the mark to appeal to the passions and prejudices of the average juror in such a manner.

For the error of abstract instructions on the question of contributory negligence and for purposely bringing out unnecessarily the fact that the defendant was insured, the judgment is reversed and the cause remanded for a new trial.

Reversed and Remanded.  Rehearing Denied.

McBride, C. J., and Coshow, J., concur.

Rand, J., being absent did not participate in this opinion.