Argued March 15, affirmed May 24, rehearing denied June 29, 1927.

# EDWARD L. WELLS v. M. M. MORRISON AND A. J. JALOFF.

(256 Pac. 641.)

**Trial—In Action for Damages to Automobile, Introduction of Evidence That Defendants Carried Indemnity Insurance Held not to Require Mistrial, There Being No Wilful Attempt to Adduce Incompetent Evidence (Or. L., § 727, Subd. 2).**

1. In action for damage to automobile in collision, introduction of evidence that defendants were protected by indemnity insurance, on redirect examination of plaintiff as to conversation with defendant which he had not mentioned on direct examination, *held* not to require direction of mistrial, in view of Section 727, subdivision 2, Or. L., since there was no wilful attempt to adduce incompetent evidence.

**Trial—Mistrial Should be Directed, When Evidence That Defendant Carries Indemnity Insurance is Gotten to Jury by Questionable Practice.**

2. Mistrial should be directed, where plaintiff in personal injury case by questionable practice gets before jury fact that defendant carries indemnity insurance; but there is no hard-and-fast rule requiring direction of mistrial because evidence that defendant is so protected is gotten to jury.

**Evidence—Where Part of Conversation is Admitted, Remainder may be Given, if It is Competent and Material.**

3. When part of conversation is given in evidence, whole conversation on same subject may be given, providing remainder of conversation is competent and material, in view of Section 727, subdivision 2, Or. L.

**Appeal and Error—Where Record Does not Clearly Show That Findings are Contrary to Instructions Considered as Whole, Jury are Presumed to have Followed Charge.**

4. Where record does not clearly establish that finding of jury is contrary to instructions of court when considered as whole, presumption prevails that jury followed charge, and that verdict is right.

---

3. See 10 R. C. L. 935.
4. See 2 R. C. L. 222.

Appeal and Error, 4 C. J., p. 771, n. 58, 76, p. 991, n. 33.
Evidence, 22 C. J., p. 196, n. 5.
Liability Insurance, 36 C. J., p. 1129, n. 81 New.

From Hood River: FRED W. WILSON, Judge.

Department 2.

This is an appeal from a judgment in the sum of $666, awarded to plaintiff as damages for the destruction of his automobile, arising from the negligence of the defendants in the operation of a stage.

Defendant Jaloff owned and operated a motor-car as a common carrier over the Columbia River Highway between The Dalles and Portland, Oregon, and defendant Morrison was his chauffeur and, as such, in actual control of the car. On August 17, 1924, Clifford A. Wells, brother of plaintiff, was driving plaintiff's Essex touring-car from Portland to Hood River, and the stage was traveling from The Dalles to Portland. The Stevenson Ferry Road intersects the Columbia Highway at a point just east of Cascade Locks. When Wells had reached this point, he saw a sedan approach the highway from the north and turn toward the west. At or about the same time, he saw the stage on the highway, approaching from the east at a high rate of speed, and, perceiving that the stage was attempting to pass the sedan, he pulled off to his right, leaving the pavement in the clear. The driver of the stage, in his attempt to pass the sedan, pulled so far to his left that he collided with the Wells car, inflicting personal injuries upon its passengers and utterly demolishing the car.

AFFIRMED. REHEARING DENIED.

For appellants there was a brief over the name of *Mr. Sam J. Silverman,* with an oral argument by *Mr. S. B. Weinstein.*

For respondent there was a brief and oral argument by *Mr. George R. Wilbur.*

BROWN, J.—1. This appeal raises but one principal question. That question involves the evidence adduced by plaintiff, to the effect that the defendants were protected by indemnity insurance.

The record discloses that, on plaintiff's cross-examination, he testified, in response to counsel's inquiry, that he had had a conversation with defendant Jaloff on the day after the accident. On his redirect examination, he testified as follows:

"Q. You had a talk with Mr. Jaloff? A. Yes, sir.
"Q. What was said at that conversation? A. Well, I went to see Mr. Jaloff in regard to the wrecking of my car the next day after the accident. * *
"Q. What was said by Mr. Jaloff concerning the accident? A. We were discussing the accident and I asked him what he was going to do about paying for the car, and he said, 'Well, Mr. Wells, while we think the third party was partly the cause of this accident,' he says, 'we are responsible for your car'; and he says, 'Our insurance will have to take care of your car.' He says, 'I am insured, and it does not cost me; it is the insurance company that will have to pay this bill.'"

After this testimony was in the record, defendants' counsel said:

"If the court please, I at this time ask that the case be dismissed and the jury be discharged.
"The Court: That testimony, gentlemen of the jury, with reference to any conversation about insurance, about the car being insured, is stricken from the record, taken from the case, and must not, under any circumstances, be considered by you in arriving at your verdict. I want this made very clear and distinct to you: That any statement with reference to any insurance on the car, or anybody else having to pay on account of that insurance, is taken away from the case and stricken out, and under no circumstances must you in your deliberations consider that, or in any way take it into consideration.

"Mr. Silverman: If the court please, I again wish, for the purpose of the record, to object to all of this testimony and to ask the court that this case be announced as a mistrial, and that the jury be discharged from the further hearing of this case.

"The Court: You have already made that motion, and I have ruled upon it."

2. There is no hard-and-fast rule that requires the court to penalize a plaintiff by directing a mistrial because evidence that the defendant is protected by indemnity insurance has gotten to the jury. However, this court has repeatedly held that, where the plaintiff in a personal injury case by questionable practice gets before the jury the fact that the defendant is protected by indemnity insurance, upon proper application the trial court should penalize him by directing a mistrial: *Tuohy* v. *Columbia Steel Co.,* 61 Or. 527, 531 (122 Pac. 36); *Putnam* v. *Pacific Monthly Co.,* 68 Or. 36 (130 Pac. 986, 136 Pac. 835, Ann. Cas. 1915C, 256, 45 L. R. A. (N. S.) 338); *Cameron* v. *Pacific Lime & G. Co.,* 73 Or. 510 (144 Pac. 446, Ann. Cas. 1916E, 769); *Vasquez* v. *Pettit,* 74 Or. 496 (145 Pac. 1066, Ann. Cas. 1917A, 439); *Walling* v. *Portland Gas & Coke Co.,* 75 Or. 495 (147 Pac. 399); *Sanders* v. *Taber,* 79 Or. 522 (155 Pac. 1194); *Jones* v. *Sinsheimer,* 107 Or. 491 (214 Pac. 375); *Lidfors* v. *Pflaum,* 115 Or. 142 (205 Pac. 277, 236 Pac. 1059); *Coblentz* v. *Jaloff,* 115 Or. 656 (239 Pac. 825); *Rosumny* v. *Marks,* 118 Or. 248 (246 Pac. 723); *Ross* v. *Willamette V. T. Co.,* 119 Or. 395 (248 Pac. 1088); *Melcher* v. *Connell,* 119 Or. 626 (250 Pac. 742).

It will be remembered that, when the plaintiff testified in chief, there was no intimation that he had had a conversation with defendant Jaloff, but, after the subject of the conversation had been opened by defendants' counsel on cross-examination, in his re-

direct examination plaintiff's counsel sought to prove this defendant's declaration against interest. See Or. L., § 727, subd. 2.

3. Our statute provides that, when part of a conversation is given in evidence, the whole conversation on the same subject may be given. This, however, is conditioned upon the competency and materiality of the remainder of the conversation: *State* v. *Mack*, 57 Or. 565 (112 Pac. 1079); *Richey* v. *Robertson*, 86 Or. 525 (169 Pac. 99); *State* v. *Weston*, 109 Or. 19 (219 Pac. 180).

That part of this plaintiff's testimony relating to the insurance on his car had no tendency to prove any issues in the cause, and was promptly and properly stricken from the record, and the jury instructed to refrain from considering the same while deliberating upon their verdict.

In their brief, the defendants cite *Tuohy* v. *Columbia Steel Co.*, 61 Or. 527 (122 Pac. 36), as the leading Oregon case on this point. From the opinion in that case, we quote:

"It has been frequently held that a willful attempt by a plaintiff in a personal injury case to show that the defendant was protected by insurance constitutes reversible error. * * But the rule is not universal."

There is no evidence in the record of this case that tends to show a wilful attempt upon the part of plaintiff to adduce incompetent evidence upon the trial of the cause. The inquiry put to the witness was competent, and the witness answered it without objection. The witness was a layman, a farmer, and ought not to be condemned because he was not familiar with the rules of evidence. As to when and under what circumstances a party should be penalized, as sought by the defendants in this case, Mr.

Justice CHADWICK, in *Jensen* v. *Schlenz,* 89 Wash. 268 (154 Pac. 159), says:

"The extent of our holding is that if it be apparent that counsel deliberately sets about, although in an indirect way, to inform the jury that the loss, if any, will fall upon an insurance company instead of the defendant, his conduct will be held prejudicial. * * If such information comes about naturally and is an incident to a lawful inquiry there can be no error. If it is injected in a collateral way, it is held to be harmful. The gravamen of the offense is not in the disclosure of a collateral fact, but in the manner of its disclosure, that is, the misconduct of counsel."

The defendants' contention is fully met by this court in the case of *Melcher* v. *Connell,* 119 Or. 626, (250 Pac. 742), a case wherein the testimony developed the fact that the defendant was insured. In that case, Mr. Justice RAND, speaking for the court, said:

"The question propounded to the witness was a pertinent and proper one, and did not call for any improper response by the witness. His reference to the insurance company was not elicited by plaintiff's counsel, but was volunteered by the witness himself, without any fault or prearrangement of plaintiff. The court very promptly instructed the jury to disregard that part of the answer. The injuries sustained by the plaintiff were very substantial, the verdict was not excessive, and we cannot find in the record anything tending to show that the jury was improperly influenced, or in any way prejudiced by the unwarranted and unsolicited statement of the witness, or anything else occurring upon the trial sufficient to bring the case within the operation of the rule followed in the cases cited by defendant. Since the jury was instructed by the court to disregard the improper statement, the case more properly falls within the rule announced and followed in *Jones* v. *Sinsheimer,* 107 Or. 491, 495 (214 Pac. 375), and *Coblentz* v. *Jaloff,* 115 Or. 656, 664 (239

121 Or.—39

Pac. 825). For that reason, no other error being assigned, the judgment will be affirmed.''

From a careful perusal of the record in this case, the writer is constrained to believe that the verdict rendered herein is not the result of passion or of prejudice, but that it is the finding of a jury upon a fair and impartial trial.

4. It is a general rule that, where the record does not clearly establish that the finding of the jury is contrary to the instructions of the court when considered as a whole, the presumption prevails that the jury followed the charge, and that the verdict is right: *Western Grain Co.* v. *Beaver Land Stock Co.,* 120 Or. 678 (253 Pac. 539); *Aetna Indemnity Co.* v. *J. R. Coal & Mining Co.,* 154 Fed. 545; *Gregory* v. *Morris,* 96 U. S. 619 (24 L. Ed. 740).

This case is affirmed.

AFFIRMED.        REHEARING DENIED.

BEAN and BELT, JJ., concur.

BURNETT, C. J., Dissenting.—In this case the defendant Jaloff was operating a motor-bus as a common carrier over the Columbia River Highway between Hood River and Portland and the defendant Morrison was his chauffeur in actual control of the same. The plaintiff brought this action against both of them to recover damages arising out of a collision at Cascade Locks between the bus and an automobile owned by the plaintiff. The answer challenged the ownership and value of the car and all other averments of the complaint imputing blame to the defendants. The plaintiff appeared as a witness on his own behalf. He was not present when the accident occurred but he described the automobile and its condition after the collision and some marks on the

.ground where the accident occurred. He also told about the use of his car in his business and gave his estimate of the value of that use and of the car itself. He testified that the car was a model of the year 1920. He made no allusion in his direct examination to any conversation with the defendant Jaloff. On cross-examination he told of whom he bought the car and again asserted that it was a 1920 model. The following questions and answers then occurred in his cross-examination:

"Q. Did you have any talk with Mr. Jaloff or any of his agents with regard to the kind of a car it was and the year model it was? A. I talked to Mr. Jaloff the next day after the accident.

"Q. Didn't you tell him·it was a 1917 model? A. I did not."

His own counsel then put the following questions and he gave the answers on redirect examination:

"Q. You had a talk with Mr. Jaloff? A. Yes, sir.

"Q. What was said at that conversation? A. Well, I went to see Mr. Jaloff in regard to the wrecking of my car, the next day after the accident.

"Q. That would be what date, then? A. The 18th of August.

"Q. What was said by Mr. Jaloff concerning the accident? A. We were discussing the accident and I asked him what he was going to do about paying for the car, and he said, 'Well, Mr. Wells, while we think the third party was partly the cause of this accident,' he says, 'We are responsible for your car,' and he says, 'Our insurance will have to take care of your car.' He says, 'I am insured, and it does not cost me; it is the insurance company that will have to pay this bill.' "

The defendants by their counsel objected to that answer as incompetent, irrelevant, immaterial and· highly prejudicial and moved that the case be dismissed and the jury discharged. The court, quite at length, admonished the jury that the testimony

about the insurance should not be considered and was stricken out of the case. Considerable discussion occurred on the subject but the court refused to dismiss the jury. Later, during the trial, the court again admonished the jury on the subject and gave quite a lengthy oral opinion.

Very many times this court has decided, and it is supported therein by the general consensus of authority, that it is greatly prejudicial error for a party to inject into a case the fact that the defendant in a damage case is insured. It is a violation of Section 725, Or. L., reading thus:

"Evidence shall correspond with the substance of the material allegations, and be relevant to the questions in dispute. Collateral questions shall therefore be avoided. It is, however, within the discretion of the court to permit inquiry into a collateral fact, when such fact is directly connected with the question in dispute, and is essential to its proper determination, or when it affects the credibility of a witness."

The question directly in dispute here is not whether the car is insured. What is to be determined here is whether the defendants were negligent in the operation of the motor-bus with the result that the plaintiff's car was injured as stated in the complaint. That the defendants were negligent is not affected by whether they were insured or not. It is urged by the plaintiff that this is permissible under Section 711, Or. L., reading:

"When part of an act, declaration, conversation, or writing is given in evidence by one party, the whole, on the same subject, may be inquired into by the other; when a letter is read, the answer may be given; and when a detached act, declaration, conversation, or writing is given in evidence, any other act, declaration, conversation, or writing which is necessary to make it understood may also be given in evidence."

While it is true that the defendant brought out on cross-examination that the plaintiff had talked with Jaloff with regard to the kind and the year model of the automobile, that was the extent or subject of the talk as inquired about in the cross-examination. If anything else had been said in that conversation on the subject of the model or kind of car, the plaintiff would have been entitled to it under this rule, but he was not entitled to show that the defendants or either of them was insured in respect to that motor-bus. It is only the remainder of the dialogue on the same subject that the opposite party may put in evidence under the rule laid down in Section 711, *supra.*

It is also true that evidence may be given under Section 727, Or. L., of the declaration, act or omission of a party as evidence against such party, and under that rule the plaintiff was entitled to introduce this part of the conversation which he quoted in his answer:

"Well, Mr. Wells, while we think the third party was partly the cause of this accident, we are responsible for your car."

That was clearly an admission against the interest of Jaloff and to that extent the conversation was admissible as part of the plaintiff's case in chief, but that does not in any sense authorize the introduction of the testimony about the defendant being insured.

Some remarks have crept into our decisions indirectly imputing blame to counsel for such errors in the production of testimony. The real reason for rejecting the testimony is thus stated by Mr. Justice McBRIDE in *Tuohy* v. *Columbia Steel Co.*, 61 Or. 527 (122 Pac. 36):

" * * The ground for this holding is that a knowledge that the defendant has such protection might have a tendency to render jurors careless as to the amount of the verdict."

Another reason is that it is a collateral inquiry which may result in a half truth that the defendant was insured, leaving out of view the probability that the insurer has exacted indemnity from him for any loss incurred so that the judgment will in the end fall upon the defendant with added weight induced by the prejudicial testimony.

Further, to the extent, whatever it might be, that such testimony augmented the amount of damages, the insurer would be deprived of its property without an opportunity to be heard. On this point this language appears in *Wiersema* v. *Lockwood etc. Co.,* 147 Ill. App. 33:

"Furthermore, the accident insurance company neither was nor could then be before the court, having a hearing in respect to the existence or the extent of its liability. Therefore, if the injury increased the amount of the verdict or if the decision of the jury upon the question of liability was influenced favorably to the plaintiff, in the slightest extent, because the insurance company stood back of the employer, who was in court making the defense, to reimburse it, then, to that extent, the insurance company was deprived of its property without due process of law— without a hearing. Manifestly such result would be not only erroneous but grossly unfair and unjust. The introduction of irrelevant matter of such possible evil tendency should be most scrupulously avoided by counsel and most carefully guarded against by the court."

It matters not whether the design of the party or his counsel is malevolent or innocent. The mischief is that the jury is tempted by such testimony to in-

crease the damages because the burden will not fall directly upon the defendant. It is not necessary to establish in this case a school for penance either for counsel or his client, but the principle is clear that such testimony is grossly improper. So far as that is concerned in the instant case the question propounded by plaintiff's counsel did not necessarily call for the objectionable testimony. It was volunteered by the plaintiff himself; but it was prejudicially put into the case just as thoroughly as if it got there by the most consummate pettifoggery.

It seems difficult to stop the practice by our repeated decisions. The mischief is done the moment the fact is made to appear that the defendant is insured. As the slang phrase has it, the vinegar is then in the milk and cannot be taken out. An extended discussion, ruling and direction only serve in practice to make a bad matter worse and impress it more deeply in the prejudice of the jury. The remedy of directing the jury to disregard the testimony in a case like this where it was an inexcusable gratuity uttered by the plaintiff himself is not effective enough to repress the evil. It is like "unringing the bell," *State* v. *Rader*, 62 Or. 37, 40 (124 Pac. 195), where Mr. Justice McBRIDE wrote:

"It is contended that the court by its instruction withdrew this testimony from the jury, and therefore cured the error. While in some cases an express instruction to the jury to disregard testimony injuriously admitted is properly held to cure the error, yet the courts are cautious in the application of this rule. It is not an easy task to unring a bell, nor to remove from the mind an impression once firmly imprinted there, and the withdrawal of the testimony should be so emphatic as to leave no doubt in the mind of the juror as to the unequivocal re-

pudiation by the court of the erroneously admitted matter, and even then, in a case where the testimony is evenly balanced or contradictory, courts hesitate to sanction such withdrawal, though it seems absolutely necessary to permit this course in some instances.''

It leaves the door open for a plaintiff to get the fact of insurance to the ears of the jury and then with complaisancy take the adverse, but practically inert, direction of the court to ignore it.

In this connection, there is here set down the significant language of Mr. Justice BEAN in *Rosumny* v. *Marks,* 118 Or. 248, 258 (246 Pac. 723), written within the last twelvemonth:

''An instruction by the court that the jury should disregard the matter -of liability insurance cannot cure the prejudicial effect of the fact being brought to the attention of the jury. It is the duty of the trial court to penalize the party who argues matters not material and prejudicial to the case by discharging the jury: *Vasquez* v. *Pettit,* 74 Or. 496, 500 (145 Pac. 1086, Ann. Cas. 1917A, 439); *Jones* v. *Sinsheimer,* 107 Or. 491 (214 Pac. 375).''

All are agreed that the admission of such testimony, or in any way bringing to the attention of the jury the fact that the defendant is insured against the liability sought to be enforced in the action, is material error. The present question is what is the proper remedy to be applied to the correction of such shortcomings. Some contend that it is sufficient to direct the jury to disregard the testimony and that the presumption is that the direction of the trial court has been obeyed. The excerpt from the opinion of Mr. Justice BEAN in *Rosumny* v. *Marks, supra,* is clear on that point and is well supported. The reason justifying the rule there laid down is that the

conduct of the parties or attorneys in that respect is
a clear appeal to the prejudice of the jury.    Preju-
dice is unreasoning, dogmatic, arbitrary and uncon-
trollable where it is impracticable to apply a penalty
to those influenced by it.    Once let such information
get to the minds of a prejudiced jury, no matter in
what manner, and there is no way to eradicate it.
The juror himself is beyond control  or  restraint.
Hence, the reason for the deliverance of Mr. Justice
BEAN and it is well grounded in precedent.

*Stewart & Co.* v. *Newby,* 266 Fed. 287, was a case
where the trial court ruled out the testimony relating
to insurance and directed the jury to disregard it.
On appeal, however, the judgment was reversed, the
court treating the situation as an exception to the gen-
eral rule that the direction to the jury to disregard
the testimony is sufficient.    It was there said:

" * * This court must take cognizance of the gen-
eral recognition among the members of the bar, as
well as by the courts, of the harmful effect upon the
minds of jurors of such testimony as was here sought
to be introduced.  The only purpose for which such
evidence is presented is to prejudice the jury, and
the poison is of such character that, once being in-
jected into the mind, it is difficult of eradication."

Other cases of the same kind which were reversed
on appeal although the trial court had directed the
jury to disregard such testimony are *Manigold* v.
*Black River Traction Co.,* 81 App. Div. 381 (80 N. Y.
Supp. 861), and *Atkins* v. *Bartlett,* 101 W. Va. 263
(132 S. E. 885), a case substantially parallel to this,
where the plaintiff himself was the witness who in-
jected that kind of statement. Also, *Wilkins* v.
*Schwartz,* 101 W. Va. 337 (132 S. E. 887), *Westby*
v. *Washington Brick, Lime & Mfg. Co.,* 40 Wash. 289

(82 Pac. 271, and *Iverson* v. *McDonald,* 36 Wash. 73 (78 Pac. 202).

Strictly, it is not a question of penalizing or punishing someone. It is one of protecting the rights of defendant from the effect of the mischievous utterance. It is not by the mark to consider that possibly the plaintiff's counsel adroitly stirred his client up to that situation or whether the witness was innocent and unsophisticated. The objectionable matter was certainly brought to the attention of the jury very effectively and was harmful irrespective of the ignorance or shrewdness of those responsible for it. The remedy is plainly laid down in *Rosumny* v. *Marks* and the trial court was wrong in not applying it. The latest decisions in this state are to the effect that the result of getting the fact of such insurance before the jury is a mistrial.

In *Tuohy* v. *Columbia Steel Co.,* 61 Or. 527 (122 Pac. 36), the insurance appeared only as an incident in cross-examination of a witness tending to affect his interest in the result of the trial. The question arose in connection with the examination of jurors on the *voir dire* in *Putnam* v. *Pacific Monthly Co.,* 68 Or. 36 (130 Pac. 986, Ann. Cas. 1915C, 256, 45 L. R. A. (N. S.) 338). Its admission in that case was condemned as an abuse of discretion. *Jones* v. *Sinsheimer,* 107 Or. 491 (214 Pac. 375), discloses that insurance of the defendant was volunteered by disinterested witnesses for the plaintiff in response to cross-examination by the defendant's own counsel. As in all other cases on the question, the admission of such testimony was condemned; but, on the ground that the plaintiff should not be made to suffer for the blunder of opposing counsel, it was determined that striking out the testimony and directing the jury

to disregard it was sufficient to cure what was really invited error. In the instant case the plaintiff himself as a witness evidently volunteered the statement as a makeweight to advance his case with the jury. This constitutes a palpable and flagrant violation of the rule.

The most recent decision on the subject is *Ross* v. *Willamette Valley Transfer Co.*, 119 Or. 395 (248 Pac. 1088), where some of the precedents are cited and the ruling made that the judgment should be reversed and the cause remanded for a new trial.

For these reasons I dissent from Judge BROWN's opinion.