FILED

NOT FOR PUBLICATION

JAN 08 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

CAPE HAZE INVESTMENTS, LTD;
THOMAS C. SCOTT,

Plaintiffs-Appellees,

vs.

RICHARD D. EILERS, and his marital
community,

Defendant-Appellant.

No. 09-35228

D.C. No. 2:08-cv-00809-RSL

MEMORANDUM [*]

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, Chief District Judge, Presiding

Argued and Submitted December 10, 2009
Seattle, Washington

Before: GOULD and TALLMAN, Circuit Judges, and BENITEZ,[**] District Judge.

Richard D. Eilers ("Eilers") appeals from the district court's grant of

summary judgment in favor of Cape Haze Investments, Ltd. ("Cape Haze") and

Thomas C. Scott ("Scott," and together with Cape Haze, "Lenders"). Eilers is a

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Roger T. Benitez, United States District Judge for the
Southern District of California, sitting by designation.

guarantor under two guarantees ("Guarantees") executed in favor of Lenders.

We vacate and remand because a triable issue of material fact exists regarding (1) whether Lenders colluded with Eilers' business partner, Chris Allender ("Allender"); (2) whether Lenders were entitled to repossess assets not secured by the parties' original agreements of October 1999; and (3) if Lenders did collude with Allender or if Lenders did impermissibly repossess certain assets, whether such conduct materially increased Eilers' risk as guarantor. We affirm the district court's ruling that, as a matter of law, Eilers was not entitled to receive earlier notice of default from Lenders.

As the parties are familiar with the factual and procedural history in this case, we will not recount it here.

A grant of summary judgment is reviewed de novo. *Delta Sav. Bank v. United States*, 265 F.3d 1017, 1021 (9th Cir. 2001). Summary judgment is appropriate where, when viewing the evidence in the light most favorable to the nonmoving party, there are no genuine issues of material fact. *Id*. A factual dispute is genuine where the evidence is such that a reasonable jury could return a verdict for the nonmoving party, here Eilers. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

Eilers argues there is a triable issue of fact of whether Lenders' collusion

with Allender in repossessing certain assets and/or selling those assets to a third party materially increased Eilers' risk such that Eilers was discharged from liability under the Guarantees. We agree.

Under Oregon law and Ninth Circuit authority, collusion is a question of fact. *United States v. Pena-Carrillo*, 46 F.3d 879, 883 (9th Cir. 1995); *Warner v. Ellison*, 276 P. 1108, 1110 (Or. 1929); *Jennings v. Trummer*, 96 P. 874, 875 (Or. 1908). Collusion is often proven, if at all, through circumstantial evidence. The parties' evidence in this case is no exception. The parties' evidence here centers on Lenders' and Allender's repossession of the company's assets and the sale of those assets to Clear Stream Technologies. We conclude that, when viewing this evidence in the light most favorable to Eilers, a reasonable jury could find that Lenders colluded with Allender. We, therefore, vacate the district court's ruling that, as a matter of law, Lenders did not collude with Allender.

Eilers further argues there is a triable issue of fact whether Lenders impermissibly repossessed assets not covered by the parties' original agreements in October 1999 and, in doing so, materially increased Eilers' risk as guarantor. We agree.

Under Oregon law, Lenders had a valid, enforceable security interest in the collateral listed in their original UCC-1 filing. Or. Rev. Stat. §§ 79.0201 and 79.0203(2).

3

However, the record shows Eilers' business partner, Allender, unilaterally granted additional collateral to Lenders because Lenders "felt [they] needed additional security." The record does not show Lenders extended additional credit or other value in consideration for this additional collateral. Although Eilers and Allender are 50% shareholders of the company, Eilers was neither informed of, nor consented to, this agreement. Eilers also did not cosign the revised UCC-1 that Lenders filed covering the additional collateral.

As such, there is a triable issue of fact regarding whether Lenders had a valid security interest in, and thus the right to repossess, this additional collateral. A triable issue of fact also exists regarding whether Lenders acted alone or with the assistance of Allender in repossessing these additional assets. We, therefore, vacate the district court's ruling that, as a matter of law, Lenders had a valid security interest in all of the assets they repossessed in February 2006.

Eilers also argues a triable issue of material fact exists regarding whether the above misconduct by Lenders materially increased Eilers' risk as guarantor. We agree.

Under Oregon law, nonconsensual, material changes to a contract may discharge a guarantor's obligations under that contract. *Marc Nelson Oil Prods., Inc. v. Grim Logging Co., Inc.*, 110 P.3d 120, 124 (Or. Ct. App. 2005). Lenders argue the assets were sold in a commercially reasonable manner and the proceeds

4

were used to reduce Eilers' debt as guarantor; therefore, Eilers' risk as guarantor was not increased. Eilers argues the company could have survived if Lenders had not impermissibly taken the unsecured assets. Specifically, Eilers argues the unsecured assets were capable of generating separate work product that would have enabled the company to continue operating. Additionally, Eilers could have used this time to market the company for sale, in order to obtain a higher sale price. When viewing the evidence in the light most favorable to Eilers, we find a triable issue of fact exists regarding whether, if Lenders did collude with Allender or if Lenders did impermissibly repossess certain assets, such conduct materially increased Eilers' risk as guarantor.

**VACATED AND REMANDED**, in part; **AFFIRMED**, in part.